**Marion HUCKABEE, and Doris Huckabee, Appellants,**

v.

**The LOMAS & NETTLETON COMPANY, Appellee.**

**No. 5690.**

Court of Civil Appeals of Texas, Waco.

April 7, 1977.

Rehearing Denied May 19, 1977.

Michael R. Knox, Thompson, Coe, Cousins & Irons, Dallas, for appellants.

John Guittard, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment plaintiffs Huckabee and wife take nothing in their suit against defendant Lomas & Nettleton for wrongfully and negligently not having plaintiffs' personal property insured against loss by fire.

Plaintiffs owned a home in Mesquite, Texas which they purchased in 1963. Bettes Company had a deed of trust on the property which required it to accept funds with regular payments, to be held in escrow, and to pay insurance premiums therewith. Plaintiffs had the home insured for $17,000. and their belongings insured for $6,800. Lomas & Nettleton succeeded to the interest of Bettes.

In 1971 plaintiffs' insurance company cancelled plaintiffs' insurance effective November 22, 1971. Plaintiffs requested Mesquite Insurance Agency to issue a replacement policy in like amounts, which they wrote with American States Insurance Company for $17,000. on the house and $6,800. on the belongings, effective November 19, 1971 and which they mailed to Lomas & Nettleton. Lomas & Nettleton refused to accept the policy and returned it to Mesquite Insurance Agency, although sufficient funds were in the escrow account to pay for same; but instead purchased a policy on the house for $17,000. from their own insurance agency written with Republic Insurance Company effective November 22, 1971. No insurance was purchased on plaintiffs' belongings.

On June 8, 1972, plaintiffs' house burned, being damaged $5,614.73, and plaintiffs lost personal property in excess of $6,800.

Plaintiffs' damages and loss not being paid, plaintiffs filed suit March 19, 1973 against both American States and Republic Insurance Companies, for $5,614.73 damage to the house and $6,800. loss of belongings.

American States Insurance Company filed Third Party Action against Lomas & Nettleton alleging plaintiffs had sued it on its policy; denied that its policy was in effect; alleged Lomas & Nettleton wrongfully refused to accept its policy; that Lomas & Nettleton were thus directly liable to plaintiffs; and that if it had any liability it was entitled to indemnity from Lomas & Nettleton.

Thereafter Republic Insurance Company paid plaintiffs $2,807.36 (½ of the house damage) and plaintiffs nonsuited as to Republic; and thereafter American States Insurance Company advanced plaintiffs $2,807.37, plus 80% of the $6,800. sued for; recited such as a loan without interest repayable only if plaintiffs were successful in prosecuting a claim against Lomas & Nettleton.

Plaintiffs dismissed with prejudice as to American States, and filed its 1st amended original petition against Lomas & Nettleton alleging Lomas & Nettleton wrongfully refused to accept the tendered policy with American States though escrow funds were available to pay its premium; that plaintiffs' house burned and plaintiffs were damaged in the loss of their belongings.

Lomas & Nettleton filed motion for summary judgment asserting plaintiffs had sued American States Insurance Company on the policy issued by it; that plaintiffs received from American States and Republic Insurance Companies 100% of their real property damage and received from American States 80% of their personal property damage claim; that by such action plaintiffs elected as their remedy claim on the insurance company policy; by settling they

affirmed the contract; and have waived and are estopped to assert claim against Lomas & Nettleton for failure to take actions to render the policy effective.

The trial court granted such motion and rendered judgment plaintiffs take nothing.

Plaintiffs appeal on 7 points contending:

The trial court erred in ruling that the acceptance of a compromise settlement by plaintiffs constituted an election of remedies as a matter of law.

The controlling facts succinctly stated are:

Plaintiffs own a home upon which they had $17,000. insurance plus $6,800. insurance on their belongings. Lomas & Nettleton serviced the lien and were required by the Deed of Trust to make insurance premium payments. Plaintiffs' insurance carrier cancelled; plaintiffs' secured replacement policy for the $17,000. on the house and $6,800. on their belongings and caused it to be sent to Lomas & Nettleton, who refused the policy; had the house insured for $17,000. with its own agency, but did not insure plaintiffs' personal property in the home.

Thereafter plaintiffs' house burned damaging the house $5,614.73 and damaging plaintiffs' personalty $6,800.

Plaintiffs were not paid. Plaintiffs sued the two insurance companies for the total damages. Republic paid ½ of the house damage and was nonsuited. American States settled with plaintiffs for the other ½ of the house damage plus 80% of the personalty damage. Facts are alleged which if true would have rendered Lomas & Nettleton liable for wrongfully not having plaintiffs' personalty insured.

The issue for determination is whether plaintiffs are barred as a matter of law in their suit against Lomas & Nettleton by the doctrine of election of remedies.

*Custom Leasing, Inc., v. Texas Bank & Trust Company of Dallas*, S.Ct., 491 S.W.2d 869 holds:

"An election of remedies is the act of choosing between two or more inconsistent but co-existent modes of procedure and relief allowed by law on the same state of facts. When a party thus chooses to exercise one of them he abandons his right to exercise the other remedy and is precluded from resorting to it. * * * Where remedies pursued against different persons are repugnant and inconsistent, the election of one bars the other, but concurrent and consistent remedies may all be pursued until satisfaction is had. *The bar of an election does not apply to the assertion of distinct causes of action against different persons arising out of independent transactions with such persons.* * * * It has been said that the doctrine of election of remedies is not a favorite of equity and should not be extended * * *".

Plaintiffs' house burned and they were damaged $5,614.73 to their house and $6,800. to their personalty. Two insurance companies had insured the house, and one company had insured the personalty (although neither paid plaintiffs prior to suit and American States denied coverage), Lomas & Nettleton wrongfully prevented plaintiffs from having insurance on their personalty, (if the policy was not in effect).

Plaintiffs had a remedy on the policies. Plaintiffs had an inconsistent remedy against Lomas & Nettleton for wrongfully preventing the American States policy from being in effect.

Plaintiffs' cause of action against the insurance companies was on the policies of insurance and on the premise such policies were in effect. Plaintiffs' cause of action against Lomas & Nettleton was on the premise the American States policy was not in effect due to wrongful action of Lomas & Nettleton. The remedies in the two causes of action are repugnant and inconsistent.

█ But the bar of an election does not apply to the assertion of distinct causes of action against different persons arising out of independent transactions with different persons.

█ Plaintiffs' cause of action against the American States arose out of plaintiffs having ordered insurance from Mesquite Insurance Agency on their house and perso-

**374**

nalty. Plaintiffs' cause of action against Lomas & Nettleton arose out of Lomas & Nettleton's alleged breach of the requirement in the Deed of Trust or in their alleged negligence in not accepting the American States policy. We think the causes of action arose out of independent transactions.

In *Wilcox v. St. Mary's University of San Antonio, Inc.*, S.Ct., 531 S.W.2d 589 the court citing *Custom Leasing* held the election of remedies doctrine did not bar a plaintiff pursuing a claim against a title insurance company for failure of an insured title, after filing trespass to try title action against other defendants to get title to the property.

And in *Liberty Mut. Ins. Co. v. First Nat. Bank in Dallas*, S.Ct., 245 S.W.2d 237, the court held the election of remedies doctrine did not bar a plaintiff, who suffered a loss because of unauthorized checks written on its account by an employee, from first claiming indemnity from its insurer, and then suing the bank to recover the amounts paid out on the unauthorized checks.

To the same effect are: *Northwestern National Insurance Company v. Kirchoff*, Tex.Civ.App. (Houston 14th) NWH, 427 S.W.2d 638; *Constitution Indemnity Co. v. Armbrust*, Tex.Civ.App. (San Antonio) Er. Ref., 25 S.W.2d 176; *Russell v. Sarkeys*, 5th Cir., 286 F.2d 736. See also: 25 Am.Jur.2d pp. 24, 25 and 116 ALR p. 601 Et. Seq. citing authorities pro and con.

Whatever the ultimate disposition of equities between American States and Lomas & Nettleton, under this record, the doctrine of election of remedies, cannot as a matter of law, bar plaintiffs being made whole the unrecovered 20% of their loss on personalty, in their suit as alleged against Lomas & Nettleton.

Plaintiffs' contention is sustained.

REVERSED AND REMANDED.