The LOMAS AND NETTLETON
COMPANY, Petitioner,

v.

Marion HUCKABEE et ux., Respondents.

No. B–6860.

Supreme Court of Texas.

Nov. 16, 1977.

Rehearing Denied Dec. 14, 1977.

Locke, Purnell, Boren, Laney & Neely, John Guittard, Dallas, for petitioner.

Thompson, Coe, Cousins & Irons, Michael R. Knox, Dallas, for respondents.

## PER CURIAM.

This is an action for breach of trust against the mortgage escrow account management firm, Lomas & Nettleton. The plaintiffs and mortgagors, Marion and Doris Huckabee, originally sued another defendant, American States Insurance Company, on the theory that the standard homeowners policy issued by American States to the plaintiffs validly covered the Huckabees' fire loss of personalty. The plaintiffs then added as defendants the mortgage account management firm, Lomas & Nettleton. The theory against Lomas & Nettleton was that if the American States policy was invalid, its invalidity was caused by the wrongful actions of Lomas & Nettleton. American States and another defendant insurance company settled with the Huckabees. Through the settlements the Huckabees have recovered all of the real property loss caused by the house fire and eighty percent (80%) of their recoverable personalty loss.

After the American States settlement, the trial court granted defendant Lomas & Nettleton's motion for summary judgment. On appeal the court of civil appeals reversed and remanded. 550 S.W.2d 371. The opinion of the court of civil appeals contains a more complete statement of the facts.

The only question presented is whether the Huckabees' recovery against American States bars suit against Lomas & Nettleton for failure to provide insurance. Because the opinion of the court of civil appeals is in material conflict with the rule declared in a prior decision by this court, we reverse the judgment of the court of civil appeals and affirm the judgment of the trial court. Tex.R.Civ.P. 483.

■ This court's adoption of the commission of appeals' opinion in *Seamans Oil Co. v. Guy,* 115 Tex. 93, 276 S.W. 424 (1925), approved the following rule from *Ruling Case Law* on election of remedies:

> If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment, *or receives anything of value under the claim thus asserted,* or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. [Emphasis added.]

The opinion of the court of civil appeals expresses the factual inconsistency of plaintiffs' remedies in this language:

> Plaintiffs had a remedy on the policies. Plaintiffs had an inconsistent remedy against Lomas & Nettleton for wrongfully preventing the American States policy from being in effect.
>
> Plaintiffs' cause of action against the insurance companies was on the policies of insurance and on the premise such policies were in effect. Plaintiffs' cause of action against Lomas & Nettleton was on the premise the American States policy was not in effect due to wrongful action of Lomas & Nettleton. The remedies in the two causes of action are repugnant and inconsistent.

We agree with this statement of inconsistency. Since the remedies were inconsistent and since the Huckabees received the settlement benefits from their suit against American States, the *Seamans* rule should have been applied to preclude suit against Lomas & Nettleton. 25 Am. Jur.2d *Election of Remedies* §§ 24, 25 (1966).

■ The court of civil appeals apparently misconstrued the language of two recent

cases. In *Custom Leasing, Inc. v. Texas Bank & Trust Co.,* 491 S.W.2d 869 (Tex. 1973), this court stated that "The bar of an election does not apply to the assertion of distinct causes of action against different persons arising out of independent transactions with such parties." We adhere to that statement. In the present case the transactions were not independent. The Huckabees' dealings with American States and Lomas & Nettleton were interconnected as a part of the same effort by the Huckabees to secure insurance on their household personalty.

Likewise, the reliance of the court of civil appeals on *American Savings & Loan Association v. Musick,* 531 S.W.2d 581 (Tex. 1976), is misplaced. Both the *Custom Leasing* and the *Musick* opinions explain that the parties to the actions were different and that the legal theories advanced were different. These factors are properly considered in deciding whether remedies are inconsistent. *See* Annot., 116 A.L.R. 601, 603 (1938). In contrast to the present case, however, the holdings in both *Custom Leasing* and *Musick* were that the remedies were neither inconsistent nor repugnant. In the Huckabees' situation the remedies are inconsistent and repugnant.

The application for writ of error by The Lomas & Nettleton Company is granted. Without hearing argument, we reverse the judgment of the court of civil appeals by reason of the conflict with a prior opinion of this court. Rule 483. The judgment of the court of civil appeals is reversed, and the judgment of the trial court is affirmed.