Morris A. WARD, Sr., and Clyde Delay, Appellants,

v.

SHRIRO CORPORATION, Appellee.

No. 19393.

Court of Civil Appeals of Texas, Dallas.

Jan. 20, 1978.

Rehearing Denied Feb. 16, 1978.

S. L. Lewis, Stephen M. Stasio, James A. Gandy & Associates, Dallas, for appellants.

Jay M. Goltz, Dallas, for appellee.

GUITTARD, Chief Justice.

Shriro Corporation recovered judgment on a jury verdict for actual and exemplary damages from Morris Ward and Clyde DeLay for conversion of a check issued by Transcontinental Insurance Company in payment of a claim on a policy of builders' risk insurance issued by Transcontinental. Ward and DeLay contend on this appeal that Shriro's claim against them is barred by the fact that Shriro originally joined Transcontinental as a party defendant and

alleged that Transcontinental was still liable on the claim, but, before the trial, accepted a payment from Transcontinental in settlement of its claim against Transcontinental. We sustain this contention, and, accordingly, we reverse the judgment of the trial court and render judgment that plaintiff take nothing.

The first amended petition, on which Shriro went to trial, asserts liability on part of Transcontinental as well as of the defendants now appealing. This pleading alleges that Transcontinental had issued its builders' risk policy covering an apartment project owned by Rio Lado Ltd., on which plaintiff Shriro was the builder and contractor; that the premiums on the policy were paid by Rio Lado; that the policy named as beneficiary both Rio Lado and Shriro; that when the project was under construction certain water damage occurred, which Shriro repaired; that Shriro employed R. G. Beneke & Company to make a claim on the policy; that such a claim was made and "honored" by Transcontinental, which issued its check in the amount of $4,241.61, but that Shriro was not named in the check. Instead, the petition avers, the check named as payees Rio Lado, Beneke, and the holder of the mortgage on the apartment project. The petition further states that defendant DeLay, the agent who had originally written the policy, received the check and obtained the endorsement of defendant Ward as general partner of Rio Lado, Ltd., and also obtained the endorsements of Beneke and the mortgagee, and that DeLay converted the proceeds to his own use by applying it on a debt owed to him by Rio Lado. The petition alleges that Ward got the benefit of the check and endorsed it on behalf of Rio Lado, knowing that he had promised Shriro to see that Shriro was paid for the water damage. With respect to Transcontinental, the petition alleges:

"Insurance Company failed to pay such amount due under such insurance policy to the insured plaintiff as they were bound to do under the terms and conditions of such policy thereby making it impossible for plaintiff to protect himself against such conversion and thereby depriving plaintiff of the benefit of the proceeds of such claim under the policy."

The prayer is for judgment jointly and severally against Transcontinental, Ward and DeLay for $4,241.61, and for punitive damages against Ward and DeLay. The petition also contains a claim against Beneke for negligence in failing to see that the proceeds of the check were paid to Shriro.

Before trial plaintiff Shriro settled with Transcontinental and filed among the papers a release of all claims growing out of matters alleged in the amended petition. The release recites acceptance by Shriro of $1,500 "in full satisfaction of a disputed claim for which liability is expressly denied." The cause proceeded to trial against Ward, DeLay and Beneke. The jury found that both Ward and DeLay had converted $3,817.45 from the proceeds of the check in question (apparently after deducting $424.16 paid by Ward to Beneke as a commission) and assessed punitive damages against both Ward and DeLay, but declined to find that Beneke had breached any duty owed to Shriro.

■ Ward and DeLay asserted in their motions for judgment non obstante veredicto, as they also contend here, that they were not guilty of conversion because plaintiff Shriro had alleged in its petition that Transcontinental had failed to pay the amount due Shriro under the insurance policy and, therefore, that plaintiff had alleged no title or right to the check or its proceeds, and moreover, that by accepting the sum of $1,500.00 in settlement of the claim against Transcontinental, plaintiff is barred and estopped from asserting a claim against them for conversion on the theory that plaintiff had title to the check or the right to its possession.

We sustain this contention on the authority of *Lomas & Nettleton Co. v. Huckabee*, 558 S.W.2d 863 (Tex.1977). In that case, the owners of a residence destroyed by fire sued an insurance company on a fire insurance policy and also sued a mortgage management firm for negligence in failing to

provide insurance. After the claimants had settled with the insurance company for eighty percent of their claim, the mortgage management company moved for summary judgment, which the trial court granted. The court of civil appeals reversed and remanded, but the supreme court reversed the judgment of the intermediate court and affirmed the judgment of the trial court on the ground that the remedies in the causes of action against the two defendants were inconsistent and that since the claimants had received settlement benefits from their suit against the insurance company, their suit against the other defendant was precluded. By the same reasoning, we hold that Shriro could not sue Transcontinental on the insurance policy on the theory Transcontinental had failed to pay Shriro's claim and accept benefits from Transcontinental on that claim, and then assert in their suit against Ward and DeLay that Transcontinental had, in fact, paid the claim by the check in question and that plaintiff was entitled to the proceeds. The same fact, payment of the claim, is thus both affirmed and denied. Consequently, the two allegations are inconsistent.

■ Shriro argues that it has made no election of remedies because plaintiff's claim against Transcontinental and against Ward and DeLay are "distinct causes of action against different persons arising out of independent transactions," citing *Custom Leasing, Inc. v. Texas Bank & Trust Company*, 491 S.W.2d 869 (Tex.1973). We conclude that the rule announced in *Custom Leasing* does not apply here. The same contention was made in *Huckabee*, but the supreme court distinguished *Custom Leasing* on the ground that the Huckabees' dealings with the insurance company and with the mortgage management company were interconnected as a part of the same effort by the Huckabees to secure insurance on their household effects. On like reasoning, we hold that Shriro's employment of Beneke in an effort to collect its claim against Transcontinental, which resulted in issuance of the check in question, and its subsequent settlement with the insurance company with respect to the same claim, were inter-

connected as a part of the same effort by Shriro to recover the amount claimed to be due under the insurance policy in question. Thus we hold that here, as in *Huckabee*, the causes of action asserted in the amended petition against Transcontinental and the other defendants did not arise out of independent transactions with the several defendants.

Shriro points out that it has realized no double recovery, since its damages as found by the jury against Ward and DeLay were reduced in the judgment by the amount of the settlement it had received from Transcontinental. Thus Shriro in effect, admits that to the extent of the amount received in settlement its claims are not wholly distinct and independent, but it insists that it is not precluded from recovering the difference from Ward and DeLay. A similar contention was made in *Huckabee*, and though accepted by the court of civil appeals, was rejected by the supreme court. The court of civil appeals, in reversing the summary judgment in that case, observed that the doctrine of election could not bar the claimants from being made whole to the extent of the unrecovered twenty percent of their loss. *Huckabee v. Lomas & Nettleton Company*, 550 S.W.2d 371, 374 (Tex.Civ.App.—Waco 1977). The supreme court, however, affirmed the judgment of the trial court, preferring to follow instead its earlier holding in *Seamans Oil Company v. Guy*, 115 Tex. 93, 276 S.W. 424 (1925), to the effect that a litigant who pursues one of two inconsistent remedies to judgment, *or receives anything of value under the claim thus asserted*, is estopped to pursue another and inconsistent remedy.

We recognize the force of the argument that even if the remedies available to a claimant are inconsistent, he should be permitted, in view of the uncertainty of litigation, to effect a compromise of one of such claims and then pursue the other claim to the extent of the difference. The contrary policy consideration is that a claimant should not be permitted to assert formally the existence of one state of facts in a claim against one party and accept complete or

partial satisfaction of that claim, and then maintain an action against another party on the ground that the facts first asserted did not exist. We conclude that the supreme court in *Huckabee* and *Seamans* has given controlling weight to this latter consideration.

The judgment of the trial court is reversed and judgment is here rendered that plaintiffs take nothing against defendants Ward and DeLay.