SHRIRO CORPORATION, Petitioner,

v.

Morris A. WARD and Clyde DeLay, Respondents.

No. B–7442.

Supreme Court of Texas.

July 26, 1978.

Rehearing Denied Oct. 4, 1978.

Jay M. Goltz, Dallas, for petitioner.

Stephen M. Stasio, S. L. Lewis, Dallas, for respondents.

PER CURIAM.

Plaintiff, Shriro Corporation, sued and recovered judgment against Morris Ward and Clyde DeLay. The court of civil appeals reversed the judgment and rendered judgment that plaintiff take nothing, holding that plaintiff had elected an inconsistent remedy by making a settlement with Transcontinental Insurance Company. 561 S.W.2d 589.

Shriro Corporation constructed the Rio Lado Apartments in Austin for Rio Lado, Limited, a venture whose general partner was Morris Ward. Ward secured a builder's risk insurance policy from Transcontinental Insurance Company to protect against damage and losses while the apartments were under construction. Shriro Corporation and Rio Lado were named as insureds in the policy. Ward secured the policy through defendant Clyde DeLay's insurance agency.

While the apartment complex was under construction it sustained water damage. Morris Ward, acting for Rio Lado, Limited, made an agreement with Shriro Corporation to receive and pay over the insurance proceeds to Shriro Corporation when Shriro completed the necessary repairs. Shriro Corporation then hired Mr. R. G. Beneke and his claims adjusting firm to present its claim to Transcontinental. The insurer, Transcontinental, honored the claim and issued a draft for $4,241.61, but the draft omitted the name of Shriro Corporation, a

named insured. The draft was made payable to Rio Lado, Beneke, and the mortgagee. Ward, on behalf of Rio Lado, Beneke, and the mortgagee, endorsed the draft and, without paying any of the proceeds to Shriro, DeLay and Ward appropriated the funds to their own use.

Shriro Corporation sued Transcontinental for negligently omitting its name as a payee on the draft. In the same suit, Shriro Corporation sued Ward and DeLay for converting money that belonged to Shriro Corporation, and sued its agent Beneke for an alleged breach of duty in failing to insure that Ward paid the proceeds to Shriro before Beneke endorsed the draft. Shriro Corporation then settled its claim against Transcontinental for $1,500.00 and gave Transcontinental only a general release. The jury refused to find Beneke breached any duty.

The court of civil appeals, in reversing the judgment for Shriro Corporation against Ward and DeLay, held that Shriro Corporation's receipt of the $1,500.00 from Transcontinental was an election of remedies which barred the action against Ward and DeLay. The court treated Shriro Corporation's suit against Transcontinental as one which complained of Transcontinental's refusal to pay the claim under its policy. A suit for refusal to pay, said the court of civil appeals, was inconsistent with the other claim which alleged that Transcontinental had actually paid, but that Ward and DeLay converted the funds. The court relied on *Lomas and Nettleton Co. v. Huckabee*, 558 S.W.2d 863 (Tex.1977), and construed this present action as one which alleged Transcontinental's liability for its failure to pay the claim. It is in that respect that the decision of the court of civil appeals conflicts with *Lomas and Nettleton*.

■ Shriro Corporation's claim was not that Transcontinental refused or failed to pay the claim; it did in fact make the full payment, as Shriro affirmatively pleaded. Shriro's allegation was that it negligently omitted Shriro's name, thereby enabling the endorsement and conversion by the other payees. Shriro Corporation's suit was not a suit for failure to pay; it was a suit for negligent omission of an insured's name on the draft. The suit against Transcontinental for its negligence was not inconsistent with the allegations against the other defendants whom Shriro charged with conversion.

■ This court's opinion in *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 491 S.W.2d 869 (Tex.1973), affirmatively shows that one may plead independent wrongs which interplay to contribute to a single harm without being inconsistent under the election of remedies doctrine. Also, this is not a case in which the settlement or judgment in one suit is paid in an amount which equals or exceeds one's damages, in which instance the satisfaction doctrine will bar a second suit. *See T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex.1977).

■ The actions that Shriro Corporation asserted against Transcontinental on the one hand and against the other defendants for conversion of Shriro's money are not inconsistent. We grant Shriro's application for writ of error and without hearing argument, we reverse the judgment of the court of civil appeals by reason of the conflict with our opinions in *Lomas and Nettleton Co., supra*, and *Custom Leasing, supra*. Tex.R.Civ.P. 483. Since appellants' briefs in the court of civil appeals contained points not considered by that court, including factual points beyond this court's jurisdiction, we remand the cause to the court of civil appeals. *Custom Leasing, Inc. v. Texas Bank & Trust Co., supra* at 872; *Wood v. Kane Boiler Works*, 150 Tex. 191, 201, 238 S.W.2d 172, 178 (1951). The judgment of the court of civil appeals is reversed, and the cause is remanded to that court.