## AETNA LIFE INSURANCE CO., Appellant,

v.

## Janie P. BOCANEGRA, Appellee.

### No. 15933.

Court of Civil Appeals of Texas, San Antonio.

Sept. 13, 1978.

Rehearing Denied Oct. 25, 1978.

Joe Meador, San Antonio, for appellant.

Les Mendelsohn, San Antonio, for appellee.

OPINION

MURRAY, Justice.

The Plaintiff, Janie P. Bocanegra, filed this suit against the defendant, Aetna Life Insurance Company, seeking to recover on a group health insurance policy that provided coverage for the plaintiff for medical expenses incurred in a non-occupational injury or disease while she was an employee of the Clegg Company. Trial was held before a jury, and it found that the medical services received by plaintiff resulted from a non-occupational disease and that the reasonable medical expenses amounted to $4,500.00 and for attorney's fees.

Prior to filing this suit, plaintiff filed a claim with the Industrial Accident Board for the same injury. We quote from the statement of facts in plaintiff's brief:

At all times material to this incident, she was employed at the Clegg Company, where she had worked since October of 1965. The employees of the Clegg Company, at all times material, were covered by a group health insurance policy issued by Aetna Insurance Company. During her hospitalization, in mid-August, 1975, Plaintiff filed a Notice of Injury or Occupational Disease and Claim for Compensation with the Texas Industrial Accident Board. She did this in the belief that the

acute pain she suffered on or about June 3, 1975 was the result of a work related injury. This belief was based on the information she received from her doctor and friends at the time of her admission to the hospital, and during her stay there.

Fireman's Fund Insurance Company was the Clegg Company's worker's compensation insurer. Although it disputed liability on this claim based on the belief that it was not a job related injury, on October 27, 1975, it agreed to enter into a Compromise Settlement Agreement, paying the Plaintiff Twelve Thousand & No/100 ($12,000.00) Dollars for lost wages and future impaired earning capability. This settlement specifically provided no compensation for a past or future medical or hospital expenses, but was solely for lost wages and future impaired earning capacity. Fireman's Fund maintained that 'Liability is Disputed'.

Defendant's contention, as stated in its brief, is as follows:

Appellant says that by virtue of the Appellee's filing such claim with the Industrial Accident Board of the State of Texas and securing workmen's compensation benefits from the Fireman's Fund, which was the workmen's compensation carrier for The Clegg Company, she is estopped to make a claim against Appellant for medical expenses under the group policy which would only cover expenses if the claim were to arise out of a non-occupational injury and/or disease.[1]

We sustain this contention.

Plaintiff took the position in her workmen's compensation claim that her injury was in the course of her employment with the Clegg Company and originated in her work with the company. She now takes the opposite view that her medical expenses were the result of a "non-occupational" disease and injury. The remedies in the two causes of action are repugnant and inconsistent. Since the remedies were inconsist-

ent and since plaintiff received substantial benefits from her claim against the workmen's compensation insurer, she is precluded from bringing suit against defendant in this cause of action. *Lomas & Nettleton Company v. Huckabee*, 558 S.W.2d 863 (Tex.1977); *Moore v. Means*, 549 S.W.2d 417 (Tex.Civ.App.—Beaumont 1977, writ ref'd n. r. e.). In *Huckabee, supra*, the Supreme Court stated the rule as follows:

If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment, *or receives anything of value under the claim thus asserted*, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy.

In *Huckabee, supra*, the owners of a residence destroyed by fire sued an insurance company on a fire insurance policy and also sued a mortgage management firm for negligence in failing to provide insurance. After the claimants had settled with the insurance company for eighty per cent of their claim, the mortgage management company moved for a summary judgment, which was granted by the trial court. The Supreme Court affirmed the summary judgment on the ground that the remedies in the causes of action against the two defendants were inconsistent and that since the claimants had received benefits from their claim against the insurance company, their suit against the other defendant was precluded.

While the principle requiring consistency is customarily considered a form of equitable estoppel, although lacking the elements of reliance and injury, it is more a matter in the nature of a positive rule of procedure based on manifest justice.

The plaintiff should not be permitted to assert formally the existence of one state of facts in a claim against one party and accept benefits in satisfaction of that claim, and then maintain an action against anoth-

---

1. Appellant did not here, as did appellant in *Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144 (Tex.Civ.App.—San Antonio 1977, writ ref'd, n. r. e.) limit its defense to pleas of judicial admis-

sions and judicial estoppel. See opinion of the Supreme Court explaining its refusal of application for writ of error in that case. *Aetna Life Ins. Co. v. Wells*, 566 S.W.2d 900 (Tex.1978).

er party on the ground that the facts first asserted didn't exist.

In view of our holding on the above point, the remaining error of which complaint is made becomes immaterial.

The judgment of the trial court is reversed and judgment here rendered that plaintiff take nothing.