**SAFECO INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Birl BROADNAX, Appellee.**

No. 20266.

Court of Civil Appeals of Texas, Dallas.

May 23, 1980.

Rehearing Denied June 26, 1980.

Chester G. Ball, Arlington, for appellant.

William T. Catterton, Ford, Livingston & Needham, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

AKIN, Justice.

This is an appeal by the insurance carrier, Safeco Insurance Company of America, in a workers' compensation case. After a jury verdict in favor of Broadnax, the trial judge rendered judgment against the insurance carrier for $6,728.54 plus attorney's fees. Broadnax had previously filed a claim and a lawsuit against Travelers Insurance for the same injury, asserting that he was the employee of Labor Placement, and had obtained a $12,000 settlement from Travelers. In this suit, he claimed that he was a "borrowed servant" of Bill Jackson, Inc., and thus Jackson's compensation carrier, Safeco, was liable under its workers' compensation policy with Jackson. Safeco appeals on the ground that Broadnax is judicially estopped to assert a claim against Safeco predicated upon facts contrary to those asserted in the suit against Travelers under the doctrine enunciated by the supreme court in *Lomas & Nettleton Co. v. Huckabee,* 558 S.W.2d 863 (Tex.1977) (per curiam). We agree and accordingly reverse the judgment of the trial court and render judgment that Broadnax take nothing.

Broadnax was an employee of Labor Placement, a supplier of temporary workers. He was sent by Labor Placement for daily contract labor to Bill Jackson, Inc., where he was injured. On July 27, 1977, Broadnax filed a claim for workers' compensation against Travelers Insurance, Labor Placement's workers' compensation carrier. That claim resulted in a lawsuit that

was settled on August 8, 1978, for $12,000. Additionally, Travelers paid all of Broadnax's medical expenses. On March 20, 1978, during the pendency of the claim against Travelers, Broadnax filed a claim and a suit against Safeco insurance, the workers' compensation carrier of Bill Jackson, Inc., based on the same injury. This claim against Safeco was predicated upon Broadnax's contention that he was a borrowed servant and thus an employee of Bill Jackson, Inc. because he was actually working under the direction and control of Jackson, Inc. when he was injured. Based upon a favorable jury verdict, Broadnax was awarded $6,728.54 and attorney's fees in a judgment against Safeco. Safeco appeals.

Safeco contends that the trial court erred in overruling its motions for instructed verdict and judgment n. o. v. on the ground that Broadnax's suit was barred under the doctrine of *Lomas and Nettleton Co. v. Huckabee*, 558 S.W.2d 863 (Tex.1977) (per curiam). We agree. That case concerned a suit to recover fire loss for Huckabee's property. Huckabee sued the insurance company on the theory that his loss was covered by insurance policies and received a settlement covering all of his real property loss and 80% of his personalty loss. Huckabee then attempted to recover from Lomas & Nettleton, a mortgage escrow account management firm, on the ground that the loss was not covered by insurance due to the wrongful acts of that defendant. The supreme court held that the receipt of a settlement in the action against the insurance company, based on an assertion that the loss was covered by insurance, precluded a subsequent suit based on an inconsistent factual theory, i. e., that the loss was not covered by insurance. We hold that the instant case is controlled by *Huckabee.* The settlement with Travelers, based on the assertion that Broadnax was an employee of Labor Placement at the time of injury, precludes Broadnax from suing Safeco, under the allegation that he was not an employee of Labor Placement, but was in fact employed by Bill Jackson, Inc.

Broadnax argues that the instant suit is not barred by either judicial estoppel, elec-

tion of remedies, or the doctrine that prohibits double recovery. He cites cases to establish the classical elements of each of these legal theories and contends that none of them bar suit in the instant case. We do not necessarily disagree but these points are irrelevant to the case at bar under the *Huckabee* estoppel doctrine. We have previously analyzed the *Huckabee* rule in light of existing legal theories and concluded that it does not fall within any of the existing doctrines mentioned above. *Metroflight, Inc. v. Shaffer*, 581 S.W.2d 704, 707 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.).

In *Metroflight*, we construed the *Huckabee* rule to bar a plaintiff, who asserts the existence of a set of facts in a judicial proceeding and receives a recovery in that proceeding, from subsequently asserting an inconsistent set of facts in order to obtain a further recovery based on the same transaction or occurrence. *Id.* at 706. In *Metroflight*, the plaintiff sought recovery under an insurance policy but after discovery found that the coverage was excluded by a policy provision and that the exclusion had not been waived by the insurer. Nonetheless, the plaintiff accepted a settlement from the insurance company even though the facts adduced in discovery revealed that it had no enforceable remedy under the insurance policy. *Id.* at 708. We held that acceptance of the settlement barred a subsequent suit against plaintiff's insurance agent for failure to obtain adequate coverage. *Id.* at 710. Broadnax argues that *Huckabee* and *Metroflight* are predicated upon a choice between inconsistent legal remedies, i. e., a suit on the insurance policy or a suit against the agent for failure to obtain adequate coverage. He contends that the case at bar is distinguishable because he has only one legal remedy, a suit under workers' compensation act. Thus he has not chosen a legal remedy but merely made inconsistent factual assertions in an attempt to enforce his only available legal remedy. We do not agree. Under our view of the *Huckabee* rule, as expressed in *Metroflight*, and set out above, the existence of two inconsistent

legal remedies is not a predicate to the application of *Huckabee*. It is Broadnax's attempt to obtain two recoveries for his injury based on assertion of two conflicting facts, i. e., that he was an employee of two different employers at the same time for the purpose of collecting workers' compensation benefits from the insurers of both.

Broadnax argues that the *Huckabee* rule should not be applied in a workers' compensation case because of a public policy favoring recovery for the injured workman. We perceive no reason why an injured workman should have any more latitude in asserting inconsistent facts in judicial proceedings than other plaintiffs. Thus we must reject the broad assertion that the *Huckabee* rule is inapplicable merely because this is a workers' compensation action. We also note that the *Huckabee* rule has been applied to cases concerning injured workmen. *Thate v. Texas & Pacific Railway Co.,* 595 S.W.2d 591 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.); *Aetna Life Insurance Co. v. Bocanegra,* 572 S.W.2d 355 (Tex.Civ.App.—San Antonio 1978, *writ granted*).

Broadnax argues that Safeco had a remedy under the workers' compensation act and that this statutory remedy supplants the *Huckabee* rule in a workers' compensation action. The first sentence of Tex.Rev.Civ. Stat.Ann. art. 8307 § 5c (Vernon Supp.1980) provides:

> In any proceeding in which it is determined that compensation, including costs for medical services incurred, is allowable in a sum certain for injuries sustained by an employee, but there is a dispute with respect to which of two or more subscribers said employee was serving at the time of injury, the Association and other workmen's compensation insurer, or insurers, of each such subscriber shall be required to deposit with the Board or court a proportionate share of the compensation awarded, including costs for medical services incurred, for the injuries received.

As we read article 8307 § 5c, that section shows no legislative intent to preclude the application of the *Huckabee* rule in a workers' compensation proceeding. In our view, the purpose of that section is not to prevent two recoveries based on inconsistent factual assertions as in *Huckabee*, but rather to assure that the worker who is entitled to compensation benefits will receive them during the pendency of a dispute as to which compensation carrier is liable for those benefits. Thus that section is not a statutory remedy of the compensation carrier as Broadnax contends, but rather is a right to be asserted by the injured worker. It has no application in a situation such as the case at bar, where the worker does not prosecute his claim against both carriers as contemplated by art. 8307 § 5c but settles with one carrier prior to trial based on the factual assertion that the worker was serving that carrier's insured at the time of the injury. In such a situation the rule of *Huckabee* clearly applies to bar a subsequent suit against carrier based on the inconsistent assertion that the worker was serving a different employer at the time of injury.

Broadnax argues that by holding that *Huckabee* applies to a workers' compensation proceeding we would hinder the effective operation of that act. He points out that benefits are often paid and then it is subsequently determined that the carrier is not liable. He argues that our holding precludes the claimant in such a situation from proceeding against the party that is actually liable to him. We do not agree. We do not hold that receipt of compensation benefits from one carrier precludes a suit against another compensation carrier. It is the assertion of the right to benefits in a judicial proceeding and a subsequent settlement of the dispute that precludes a subsequent suit based on the same claim but asserting inconsistent facts. A claim for compensation and receipt of benefits does not activate the *Huckabee* rule so as to bar subsequent litigation against another carrier. Our holding in *Thate v. Texas & Pacific Railway Co.,* 595 S.W.2d 591 (Tex.Civ.App. —Dallas 1980, writ ref'd n.r.e.) is not inconsistent with this proposition since *Thate* also concerned the assertion of the right to workers' compensation benefits in a judicial proceeding. We need not pass on whether the *Huckabee* doctrine would bar Broadnax's

claim and recovery before the Industrial Accident Board because that question is not presented here.

Accordingly, the judgment of the trial court is reversed and judgment here rendered that Broadnax take nothing.