### The HOME INDEMNITY COMPANY, Petitioner,

v.

### Melba Sue OVERSTREET, Respondent.

### No. C–4561.

Supreme Court of Texas.

Jan. 29, 1986.

Rehearing Denied March 5, 1986.

---

**2.** Cause No. C–4005.

**3.** Cause No. C–4676.

Royal H. Brin, Jr., Thomas E. Bishop, P. Michael Jung, Dallas, for petitioner.

John B. Wilson, Wilson, Williams & Molberg, Dallas, for respondent.

PER CURIAM.

This is a worker's compensation case in which the trial court granted summary judgment for the compensation carrier based on the defenses of election of remedies, estoppel, ratification, and waiver. Initially, the court of appeals affirmed the judgment. 669 S.W.2d 825 (Tex.Civ.App.—Dallas 1984). We reversed, holding the defense of election was not established as a matter of law, and remanded the cause to the court of appeals for consideration of the remaining points of error on waiver, estoppel, and ratification. 678 S.W.2d 916 (Tex.1984). The court of appeals then held the defenses of estoppel, ratification and waiver were not established as a matter of law and remanded the case for trial. 696 S.W.2d 188 (Tex.App. 5 Dist.1985).

We refuse the application for writ of error, no reversible error. However, we expressly disapprove the court of appeals' holding that Overstreet's recovery, if any, shall be first for the use and benefit of Lincoln National Life Insurance Company to the extent of all medical services and disability paid to or for the benefit of Over-street. The court of appeals did not have jurisdiction over that issue because of the limited nature of our remand, and because Lincoln National Life Insurance Company is not a party.