John C. ARCHIBALD, Appellant,

v.

ACT III ARABIANS, Sky Gray, Tom Gray, Lanella Gray, Cary Gray, and Walt Gray, Appellees.

No. A14–86–00325–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 3, 1989.

Rehearing Denied March 30, 1989.

Kevin Dubose, Houston, for appellant.

Joe H. Reynolds, John O. Tyler, Jr., Houston, J. Bruce Bennett, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This case is before us on remand from the Texas Supreme Court, 755 S.W.2d 84. In our original opinion, 741 S.W.2d 957 (Tex.App.—Houston [14th Dist.] 1987), we upheld the trial court's ruling that Texas law had not yet recognized an implied warranty of good and workmanlike performance applicable to horse training services such as those provided by appellees [hereinafter Act III]; accordingly, we affirmed the trial court's take nothing judgment against appellant [hereinafter Archibald]. In deciding the sole point of error before it, the Texas Supreme Court held horse training services involved the modification of existing tangible goods, and such services were encompassed within the scope of the implied warranty of good and workmanlike performance recognized in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex. 1987). The case was remanded for review of those points of error not previously considered by this court.

Archibald's two remaining points of error concern the sufficiency the evidence to support the jury's findings concerning waiver of rights and assumption of the risk. Archibald contends the points are moot in light of the extension of the *Melody Home* warranty to the circumstances before us. We agree.

Contrary to the assertions of Act III, the decision to remand the case to this court was not an implied rejection of Archibald's mootness argument. The Supreme Court ruled on the sole point of error before it. The remaining points were never considered by this court, and were properly remanded for our review. *Shriro Corp. v. Ward*, 570 S.W.2d 395, 397 (Tex.1978).

In its *Melody Home* decision, the Supreme Court unambiguously ruled the implied warranty for good and workmanlike performance of services repairing or modifying existing tangible goods can not be waived or disclaimed. 741 S.W.2d at 355. Any such waiver or disclaimer would be void and unenforceable. *Id.*

■ Act III concedes as much, but argues assumption of the risk and indemnity are never mentioned in the *Melody Home* decision, and are, therefore, valid defenses. It would be illogical and incongruous to hold that, while waivers or disclaimers are void, a provider of services could circumvent the warranty by asserting assumption of the risk or forcing the consumer to indemnify him. We decline to do so.

Accordingly, it is unnecessary to determine the sufficiency of the evidence to support the jury's findings, because Act III, as a matter of law, is not entitled to the benefit of those defenses.

Act III raises one cross point. It contends the evidence was insufficient to support the jury finding the fair market value of the horse, before the training session, was $75,000.

In reviewing a question of factual sufficiency, we must consider and weigh all the evidence, both that in support of and that contrary to the finding. The finding must be upheld unless we find the evidence is so weak as to be manifestly unjust or erroneous. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). The jury, as trier of fact, is the sole judge of the credibility of the witnesses and weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ The record before this court reflects ample evidence from which the jury could find the horse's value to be at least $75,-000. The person from whom Archibald purchased the horse testified that, at the time of sale, the horse was worth between $60,000 and $75,000. A certified judge for the American Horse Show Association, who had attended over one-hundred Arabian horse sales, testified the horse's value was between $100,000 and $250,000. The jury heard a taped conversation in which one of the defendants valued the horse at approximately $250,000. The jury could easily have found the horse to be worth significantly more than $75,000.

We do not find the jury's determination to be manifestly unjust or erroneous. Cross point number one is overruled.

Archibald was entitled to judgment on the jury's verdict. Had the trial court properly entered judgment on that verdict, Archibald's specific request in his pleadings would have authorized the award of pre-judgment interest. Since such interest is now statutory interest, pursuant to TEX. REV.CIV.STAT. ART. 5069–1.05 § 6(a) (Vernon Supp.1989), Archibald's request for pre-judgment interest is preserved on appeal by his prayer for relief from this court. *Benavidez v. Isles Construction Co.*, 726 S.W.2d 23, 25 (Tex.1987). He is entitled to judgment, plus pre-judgment and post-judgment interest, and costs on appeal.

The judgment of the trial court is reversed and remanded for rendition of judgment consistent with the decision of this court.