The **PLATE & PLATTER, INC., Appellant,**

v.

David B. **WOLF, Appellee.**

No. 05–89–00346–CV.

Court of Appeals of Texas, Dallas.

Oct. 24, 1989.

Rehearing Denied Dec. 12, 1989.

Evan (Van) Lane Shaw, Dallas, for appellant.

Greg K. Winslett, Dallas, for appellee.

Before ENOCH, C.J., and BISSETT[1] and CARVER[2], JJ.

## OPINION

ENOCH, Chief Justice.

The Plate & Platter, Inc. (P & P) appeals the trial court's order granting summary judgment against it in its suit against David B. Wolf. On this appeal, the principal question is whether P & P's claim is barred under the doctrine of election of remedies, because P & P reached a settlement agreement with another defendant in the law suit. The trial court held that the settlement agreement with the other defendant presupposed facts which were inconsistent with the facts alleged by P & P in its cause of action against the remaining defendant, appellee here, Wolf. The trial court found that the plaintiff, as a matter of law, should be bound by this fact and could therefore not recover any further damages from Wolf. For the reasons given below, we reverse the judgment of the trial court and remand this case for further proceedings.

## FACTS

David Wolf is an independent insurance agent who placed certain insurance coverage for P & P with Safeguard Insurance Company. The insurance policy was to cover loss due to damage to property. On September 3, 1985, an upright shelf broke causing damage to P & P's inventory. The amount of damages was alleged to be around $16,000. P & P presented a claim for coverage which Safeguard Insurance denied on the basis that the policy in question contained limitations which excluded coverage for P & P's damages. P & P sued Safeguard Insurance Company alleging that this loss was covered under the Texas Multi–Peril policy insuring P & P at that time. In the same suit, pursuant to rule 48 of the Texas Rules of Civil Procedure, P & P also sued independent agent Wolf alleging that if the loss was not covered by the policy, Wolf was guilty of negligence as well as various violations of the Deceptive Trade Practices Consumer Protection Act (DTPA) and The Texas Insurance Code. On July 6, 1988, P & P entered a settlement agreement with Safeguard. The agreement stated that because both the coverage and the amount of damages were in dispute, and in order to avoid

1. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

2. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

further litigation, the parties agreed to compromise their claims and settle the controversy. Pursuant to the settlement, Safeguard paid P & P $5,000. P & P's suit against Safeguard was dismissed with prejudice, leaving P & P's claims against Wolf still pending.

## ELECTION OF REMEDIES

P & P's settlement with Safeguard formed the basis for Wolf's motion for summary judgment. Wolf claimed that, under the doctrine of election of remedies, P & P can not assert a claim alleging that the insurance policy covers the damage to its inventory, reach a settlement with the insurance company based on that assertion, and then continue to insist that no such coverage exists and that, therefore, Wolf is responsible for the failure of the coverage to reach this situation. The trial court granted the motion and P & P has appealed.

The doctrine of election of remedies bars recovery when one successfully exercises an informed choice between two or more remedies, rights, or states of facts, which are so inconsistent that to allow recovery would constitute manifest injustice. *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex.1980). P & P asserts that this doctrine has no application to the case at bar. P & P claims that it has not asserted inconsistent facts in separate cases but rather pled in the alternative, in the same case, as permitted by rule 48 of the Texas Rules of Civil Procedure.

Wolf relies on *Lomas & Nettleton v. Huckabee,* 558 S.W.2d 863 (Tex.1977) and *Metroflight v. Shaffer,* 581 S.W.2d 704 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) to support his argument that P & P's settlement with Safeguard precludes its present action against him. The fact situations in both *Huckabee* and *Metroflight* are very similar to the facts of the case at bar. The plaintiffs in *Huckabee* and *Metroflight* had an insurance agent place coverage with an insurance company. In both cases the plaintiffs brought suit against the insurance company to compel payment for their incurred loss. Before a final verdict was reached, the plaintiffs, in both cases, settled with the insurance companies for a substantial portion of the loss. The plaintiffs then brought suit against their respective insurance agents claiming that since the coverage did not include the type of loss they incurred and because the agents represented to them that it did, the agents were negligent. In short, in both *Huckabee* and *Metroflight* the plaintiffs brought one suit alleging coverage, and on the strength of that contention reached a favorable settlement, and then in a second suit alleged that just the opposite was true and that there was no coverage. The courts in both cases held that the doctrine of election of remedies applied to bar the second suit. The rationale as explained in *Metroflight,* 581 S.W.2d at 709,

> "is not election of remedies in the traditional sense of a choice between two inconsistent remedies arising from the same set of facts. Rather it seems to be a species of judicial estoppel based on the principle that a party should not be permitted to abuse the judicial process by obtaining one recovery based first on affirming a certain state of facts, and then another recovery based on denying the same set of facts." *See generally Johnson v. Bingham,* 251 S.W. 529, 535 (Tex.Civ.App.—Galveston 1923), *aff'd on other grounds,* 265 S.W. 130 (Tex. Comm'n App.1924, opinion adopted).

The purpose, apparently, is not just to prevent unjust enrichment or double recovery but also to make sure that judgments are rendered upon an accurate determination of the facts. *Metroflight,* 581 S.W.2d at 709.

The *Metroflight* and *Huckabee* cases also stand for the proposition that a settlement of one claim is equivalent to a judgment. That is, where the plaintiff uses the judicial process to reach a favorable settlement, the plaintiff should be bound by the facts that gave strength to his claim in the first place. The plaintiff should not then be allowed to assert a contrary factual position to obtain a judgment against another defendant in another law suit.

The Supreme Court decision in *Huckabee* relied heavily on the Commission of Appeals' opinion in *Seamans Oil Co. v. Guy*, 115 Tex. 93, 276 S.W. 424 (1925). In *Seamans*, the Guys sought cancellation of a mineral lease claiming fraud and nonpayment of rentals. During the pendency of the trial, Seamans was deterred from developing the minerals. With two weeks left in the primary term of the lease, the Guys dropped the lawsuit, affirmed the lease, and sought payment of all rentals which had been paid and escrowed into a bank account. From the outset the Guys had a choice of two valid, but inconsistent remedies, against the same defendant. They could either affirm the lease and seek the benefits thereunder or they could seek cancellation. The doctrine of election was applied to prevent the Guys from denying the validity of the mineral lease while at the same time seeking to obtain the benefits of that lease. The situation is analogous to the choice in contract law between a suit for damages and one for recision. *See Seamans Oil Co. v. Guy*, 276 S.W. at 425.

█ Generally, the doctrine of election of remedies is only applied when the claimant actually has two valid and available remedies at the time he makes his election. *Poe v. Continental Oil & Cotton Co.*, 231 S.W. 717, 719 (Tex.Comm'n App.1921, judgment adopted). *Huckabee* has been criticized for applying this doctrine to a situation where there were not actually two valid but inconsistent remedies. *See Metroflight v. Shaffer*, 581 S.W.2d at 707; *see generally Bocanegra*, 605 S.W.2d at 855. In *Huckabee* the plaintiffs did not actually have two valid remedies but rather, were uncertain as to which remedy was in fact valid. After finding out that their first remedy was challenged as invalid, they pursued their second remedy.

Numerous Texas cases have held that there is no election, that is, no inconsistency in choices, when one first pursues a right or remedy which proves unfounded and then pursues the one that is allowed. *Overstreet v. Home Indemnity Co.*, 696 S.W.2d 188, 190 (Tex.App.—Dallas 1985) (opinion on remand), *writ ref'd n.r.e.*, 704 S.W.2d 14 (Tex.1986); *Bocanegra*, 605 S.W.2d at 852; *Schwartz v. National Loan & Investment Co.*, 133 S.W.2d 133, 136 (Tex.Civ.App.—Dallas 1939, writ ref'd), quoting *Tullos v. Mayfield*, 198 S.W. 1073 (Tex.Civ.App.1917); *Poe v. Continental Oil & Cotton Co.*, 231 S.W. 717, 719 (Tex. Comm'n App.1921, holding approved).

In *Metroflight*, this Court recognized the force of the argument that if a plaintiff realizes in his first suit that his claimed remedy is being challenged and accepts from a defendant a settlement based upon business considerations, as the insurance companies did in *Metroflight*, the doctrine should not apply. *Metroflight*, 581 S.W.2d at 708. The plaintiff, according to the court in *Metroflight*, should be able to assert different factual positions with respect to different parties, effect a compromise of one of the claims, and pursue the other to the extent of the difference, and then permit the nonsettling defendant to be subrogated to the extent of the funds paid to the plaintiff by way of the settlement.[3] *Metroflight v. Shaffer*, 581 S.W.2d at 708. The court in *Metroflight*, however, was bound by the Texas Supreme Court ruling in *Huckabee*, and hence we held that the plaintiff was no longer allowed to pursue this course.

After *Metroflight*, the Supreme Court revisited the issue of election of remedies in *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848 (1980). In *Bocanegra* the plaintiff also filed an initial suit seeking recovery for work related injuries, reached a settlement with the insurance company, and then filed a suit seeking recovery for medical expenses for the injury claiming it was not work related. The Supreme Court held that the doctrine of election of remedies did not apply to this situation even though it presents the same kind of factual inconsistency as that found in *Huckabee*

---

**3.** The opinion in *Metroflight* actually says "settling" defendant rather than "nonsettling" defendant, but in context of the paragraph, it is clear the author was referring to the nonsettling defendant.

and *Metroflight.* Although the Supreme Court attempted to distinguish *Huckabee,* Justice Campbell argued in a concurring opinion that the court "should not attempt to draw an artificial distinction between this case and the decisions in *Huckabee* and *Metroflight* merely to avoid an admission that those decisions were erroneous." *Bocanegra,* 605 S.W.2d at 854. In *Overstreet v. Home Indemnity Co.,* this Court held that *Huckabee* had been modified by the Texas Supreme Court decision in *Bocanegra* and that "preclusion" is no longer to be applied automatically. *Overstreet,* 696 S.W.2d at 190.

■ The appellee, Wolf, in his brief argues that *Bocanegra* is factually distinguishable from the case at bar. We disagree, and choose instead to follow the advice of Justice Campbell in *Bocanegra.* The Supreme Court in *Bocanegra* expressly addressed the situation raised in this case:

> A number of seemingly inconsistent positions do not rise to the level of an election which may bar recovery. *One may, for example, plead alternative and inconsistent facts without being barred. Rules 48 and 51, Texas Rules of Civil Procedure, authorize such procedures. One who pleads alternative or inconsistent facts or remedies against two or more parties may settle with one of them on the basis of one remedy or state of facts and still recover a judgment against the others based on the pleaded alternative or inconsistent remedies or facts.*

*Bocanegra,* 605 S.W.2d at 851–52 (emphasis added). Even in *Metroflight,* a case which reluctantly followed *Huckabee,* this Court concluded that the doctrine would not apply to the situation where the plaintiff had pled inconsistent facts or remedies under rules 48 and 51 of the Texas Rules of Civil Procedure. *Metroflight,* 581 S.W.2d at 710.

Consequently, we hold that P & P may plead alternative and inconsistent facts and remedies against Safeguard Insurance Company and Wolf, pursuant to Texas Rules of Civil Procedure 48 and 51, settle its claim with Safeguard Insurance Company, and still pursue its claim against Wolf to the extent of any recovery over the amount received by P & P in its settlement with Safeguard. The judgment of the trial court is REVERSED and the cause REMANDED for further proceedings.