## GEORGE BROTHERS FABRICATION, INC., Appellant,

v.

## Jim BRYANT d/b/a Jim Bryant Insurance Agency, Appellee.

### No. 11–92–272–CV.

Court of Appeals of Texas, Eastland.

Nov. 18, 1993.

Rehearing Denied Dec. 16, 1993.

Dan Sullivan, Andrews, for appellant.

Ray Stoker. Jr., Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Inc., Odessa, for appellee.

DICKENSON, Justice.

The trial court granted summary judgment that George Brothers Fabrication, Inc. (GBF) take nothing on its claim against Jim Bryant d/b/a Jim Bryant Insurance Agency (JBI). The trial court found that the claim was barred under the doctrine of "election of remedies" after GBF made a substantial recovery on a claim which was inconsistent with its claim against JBI. We affirm.

GBF had purchased a liability insurance policy through JBI with United States Fidelity and Guaranty Company (USF & G). When one of GBF's customers filed a lawsuit against it, alleging damages in the sum of $171,000, USF & G refused to defend the lawsuit and claimed that the insurance policy did not cover that type claim. GBF then sued JBI (alleging that the insurance agent was negligent in failing to provide appropriate insurance protection) and USF & G (alleging that the policy did provide appropriate insurance protection). It would appear that GBF had a strong position on one claim or the other, but not on both. USF & G subsequently paid $350,000 to settle GBF's claim for insurance coverage and for bad faith in denial of the claim. Now GBF seeks to recover from JBI for its damages for loss of the business relationship with the customer plus "two (2) times the actual damages under the DTPA and/or treble damages under Article 21.21 of the Insurance Code" plus attorney's fees and prejudgment interest less a credit of $350,000 for the amount received from USF & G.

We agree with the trial court's ruling that the doctrine of "election of remedies" bars a recovery from the insurance agent under a claim that the agent negligently failed to provide proper insurance coverage when the insurance company paid $350,000 to settle GBF's inconsistent claim that the policy did in fact cover the loss.

### Points of Error

GBF presents two points of error, arguing in point one that the trial court erred in granting the motion for summary judgment and arguing in point two that the trial court

erred in granting the motion to sever. Both points have been considered and overruled.

### Concessions in Appellant's Brief

GBF candidly states in its brief that its pleadings against JBI and USF & G alleged "alternate and inconsistent facts against each party" and that:

> If USF & G was, in fact, obligated to defend the lawsuit filed by WESTERN CONTAINER against GEORGE BROTHERS, then GEORGE BROTHERS had no cause of action against Appellee, JIM BRYANT INSURANCE AGENCY. On the other hand, if USF & G had a policy defense which precluded its obligation to defend such lawsuit, then JIM BRYANT AGENCY might well be liable for failing to provide GEORGE BROTHERS with the proper coverage.

> \*   \*   \*   \*   \*   \*

> In the instant case, the Appellant settled its claim against USF & G for $350,000.00, but its claim against Appellee is for almost $1,000,000.00 and Appellant has specifically pled that BRYANT would be entitled to a credit for $350,000.00 against any Judgment which GEORGE BROTHERS might obtain against BRYANT.

> \*   \*   \*   \*   \*   \*

> Appellants (sic) only had one remedy against one or the other of the Defendants. If USF & G was liable, JIM BRYANT INSURANCE AGENCY could not be. On the other hand, if USF & G was not found to be liable, then JIM BRYANT AGENCY might well be liable to Appellant for failing to provide them (sic) with the proper insurance.

### Appellant's Position on Appeal

Appellant argues that *Plate & Platter, Inc. v. Wolf,* 780 S.W.2d 453 (Tex.App.—Dallas 1989, writ den'd), dealt with a "fact situation almost identical to the case at bar." We disagree with that assessment. In *Plate & Platter,* the amount of damages alleged was "around $16,000," and the amount which the insurance company paid was "$5,000." The Dallas Court of Appeals held that this partial settlement did not constitute an election of remedies and that the claimant could settle its claim against the insurance company:

> [A]nd still pursue its claim against [the insurance agent] to the extent of any recovery over the amount received by P & P in its settlement with Safeguard.

In the case before us, the amount of the original claim was $171,000, and the amount of the settlement with USF & G was $350,-000. While it is true that part of the settlement was to dispose of the claim that USF & G wrongfully refused to pay the claim promptly, JBI was not a party to that wrongdoing. The basis for the payment from USF & G was that it should have paid the claim promptly because the insurance policy covered the loss. If the policy covered the loss, then JBI could not have negligently failed to provide an insurance policy which covered the loss. It seems clear that *Plate & Platter* is factually distinguishable.

### Appellee's Position on Appeal

Appellee relies upon *Lomas and Nettleton Company v. Huckabee,* 558 S.W.2d 863 (Tex. 1977), where the Supreme Court affirmed the summary judgment which had been rendered by the trial court. In *Huckabee,* the property owners sued the mortgage account management firm, Lomas & Nettleton Company, for failure to provide insurance; they also sued American States Insurance Company, alleging that its standard homeowner's insurance policy validly covered the loss of personalty. American States paid the property owners 80 percent of their personal property loss by way of settlement. The Supreme Court held that the recovery against American States barred the Huckabees' suit against Lomas & Nettleton, stating:

> Since the remedies were inconsistent and since the Huckabees received the settlement benefits from their suit against American States, the *Seamans* rule [*Seamans Oil Co. v. Guy* [115 Tex. 93], 276 S.W. 424 (1925)] should have been applied to preclude suit against Lomas & Nettleton.

The Supreme Court distinguished two prior holdings and held that the remedies urged by the Huckabees "are inconsistent and repug-

nant." Likewise, the remedies urged by GBF are inconsistent and repugnant.

The Supreme Court held in *Bocanegra v. Aetna Life Insurance Company*, 605 S.W.2d 848 at 854 (Tex.1980), that *Huckabee* was correctly decided but that some of the language quoted from *Seamans* was too broad. The Supreme Court stated:

> The Huckabees first asserted in their lawsuit that two insurance companies had insured the Huckabees' real and personal property that was destroyed in a fire. The Huckabees, upon the strength of that state of facts, recovered in a settlement one hundred percent of their claim for the destroyed realty and eighty percent of their claim for the destroyed personalty. Their lawsuit was then dismissed with prejudice. *After succeeding with their claim that their property was insured, they adopted the inconsistent position that it was not insured and sued their agent for his neglect.* We held that the Huckabees, after successfully asserting their claim on one state of facts and *receiving almost the whole of their claim,* would not be permitted a second recovery against another party by denying the truth of that state of facts. The case was correctly decided, but the quotation from *Seamans,* as discussed above, includes errors concerning the election doctrine. (Emphasis added)

See also *Metroflight, Inc. v. Shaffer,* 581 S.W.2d 704 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

*Ruling by this Court*

The judgment of the trial court is affirmed.