SEAMANS OIL COMPANY ET AL. V. J. H. GUY.

No. 4258.  Decided October 21, 1925.

(276 S. W., 424).

**1.—Estoppel—Choice of Remedies—Suit.**

The choice between inconsistent remedies (as distinguished from rights) by bringing suit to enforce one of them, is an election binding the plaintiff to the remedy chosen, though he dismiss the action before proceeding to judgment, and seek the alternative remedy, where the pendency of the first action has affected the defendant adversely, as where it prevented him from realizing any benefit from performing a contract that suit sought to annul. (99, 100.)

2.—Same—Case Stated.

Plaintiff, claiming invalidity of a lease of land by him for oil development, brought suit against the lessee to set it aside. No required work of development was done by the lessee; but, pending the suit, he kept up periodical payments to a designated bank, for the benefit of the lessor, as provided by the lease. to extend for five years the time allowed for such development. These the lessor refused to accept, and the bank kept them as stakeholder between the parties. At practically the end of the five years the lessor dismissed the suit for cancellation of the lease, and sued for the recovery of these payments. *Held,* that the effect of the suit for cancellation was to cast a cloud upon defendant's rights and to destroy or seriously impair his leasehold interest, and that the lessor was estopped by his election in bringing and continuing during the term of the lease his action for its cancellation from recovering the sums paid by the lessee to keep it in force. (Pp. 95-100.)

Question certified from the Court of Civil Appeals for the Eighth District, in an appeal from Eastland County.

The question was certified in pursuance of a writ of mandamus from the Supreme Court, awarded in the case of Seamans Oil Co. v. Guy, 114 Texas, 42. The ruling on appeal will be found in 239 S. W., 696. The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts and certifies same as its answer to the question.

*Conner & McRae,* for appellants, Seamans Oil Co. and Empire Gas & Fuel Co.

The defendant in error, J. H. Guy, having elected to exercise his remedy to cancel an optional contract, could not, after the benefits and rights to the lessee under such contract had practically expired by its terms, abandon such remedy and seek a recovery of rentals accruing under such contract during the time that the remedy of cancellation was being insisted on, but he would be estopped from abandoning his selected remedy and seeking a different remedy to the greater detriment of the lessee. Bauman v. Jaffray, 6 Texas Civ. App., 489, 29 S. W., 260, Moller v. Tuska, 87 N. Y., 166; Clemenger v. Flesher, 185 S. W., 304.

*Bishop, Scott & Sparks,* for appellant, Farmers State Bank & Trust Co.

*Grisham Bros.,* for J. H. Guy, appellee.

In the case of Pierce, Fordyce Oil Association v. Woodrum, 188 S. W., 245, the court holds that if the lessees have not developed the land they must pay the rentals. A judgment of non-

suit does not bar a subsequent action on the same cause. Taylor v. Hill, 183 S. W., 836; Foster v. Wells, 4 Texas, 101; Brainerd v. Bute, 44 S. W., 575; Keller v. J. M. Radford Gro. Co., 59 Texas Civ. App., 629, 127 S. W., 888. If it was the right of defendant in error to cancel the lease in the original action or to waive that action and sue for the rentals then it was his right to do so in the second action.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

This case is submitted on certified question from the Court of Civil Appeals of the Eighth Supreme Judicial District.

The facts are as follows: J. H. Guy and his wife, B. A. Guy, on the 30th day of July, 1915, executed an oil and mineral lease to T. J. Neal, his successors and assigns, on land owned by them "for the purpose of exploiting·same for the production of minerals." This instrument by its terms grants and conveys "all the oil, gas, and other minerals in and under" the land with an exclusive right of drilling and operating thereon for oil and gas for the term of three years from its date, and also the right to extend the time in which to begin such operations for successive periods of six months on condition that the grantee or his assigns "on or before the first day of each respective period of six months pay to the grantors" or deposit to their credit in the Farmers State Bank of Gorman the sum of $240.00, providing that if such payments are not made, the lease shall terminate, and further providing that such successive periods shall not exceed in aggregate five years from the date of said lease. The lease further provides that should oil, gas, or other minerals be found in paying quantities, the grantee or his assigns "shall become at once vested with an estate in and to all the minerals underlying said land with the right to produce the same and any and all the same as long as any of the said minerals shall be produced in paying quantities," and shall pay to the grantors or their assigns one-eighth of all oil produced and saved, $100 per annum for each well from which gas is used, and "what under all circumstances may be a reasonable royalty" for any other minerals.

This lease having been assigned to plaintiffs in error, Seamans Oil Company and Empire Gas and Fuel Company, they, on July 2, 1918, deposited $240 in accordance with the terms of the contract, and continued to make such deposits for each six months thereafter until the lease by its terms expired, the drill-

ing of no well or effort to develop the production of other minerals having been begun. J. H. Guy refused to accept any of these rental deposits and instructed the bank to return the money so deposited to the plaintiffs in error. The bank, however, did not do this, but placed same to the credit of what it termed an escrow account.

On March 6, 1919, Guy and his wife filed suit against the Seamans Oil Company in the District Court of Eastland County for the cancellation of said mineral lease, alleging that it was procured through fraud and was without consideration; that the description of the land in said lease was insufficient to define any particular land; and that no renewals or rentals had been paid and accepted by the lessors to extend the time in which the lessee agreed to begin operations. They also alleged other grounds for which they sought cancellation not necessary here to mention. The Seamans Oil Company filed its answer resisting cancellation, and alleging that by reason of the institution of the suit to cancel it had been deterred from developing the land and prospecting thereon for the discovery of oil and gas, and that in equity it ought not to be required to develop said land and expend large sums of money during the pendency of the suit to cancel. It prayed that it be decreed an extension of the life of said lease for such additional time as would be equal to the time that said suit was pending. The Empire Gas and Fuel Company intervened, also resisting cancellation of the lease.

On June 25, 1920, the Seamans Oil Company wrote the bank not to pay J. H. Guy or his wife any of the sums deposited by it unless otherwise notified.

Just two weeks before July 30, 1920, when the lease by its terms expired, the suit seeking cancellation was dismissed at the request of Guy and his wife. Thereafter on August 13, 1920, J. H. Guy drew a check on the bank for $960, directing that payment be made "out of the account deposited * * * by Seamans Oil Company and the Empire Gas and Fuel Company." Payment of this check was refused by the bank, and on August 24, 1920, J. H. Guy instituted this suit against the bank for said sum of $960. The bank made answer, alleging the facts in regard to the deposit of the sums of money as above recited, the refusal of Guy to accept same as a credit to his account, and the direction by the Seamans Oil Company not to pay the amount deposited to Guy or his wife. It assumed the attitude of a stake holder and tendered all money deposited by the Seamans Oil Company and Empire Gas and Fuel Company into court for the benefit of the

real owners and prayed that said oil and gas companies be made parties to suit.

The Seamans Oil Company and Empire Gas and Fuel Company intervened in the suit, claiming all the money deposited by them and alleged that the conduct of Guy and his wife, in repudiating their lease contract, refusing to accept the deposit made by them, and in filing and prosecuting their suit to cancel the lease, estopped them and was a bar to their right to recover the rentals or payments provided for by the terms of the lease.

In the trial court judgment was rendered in favor of Guy against the bank for $960, and against the Seamans Oil Company and Empire Gas and Fuel Company on their plea in intervention. The case was appealed by writ of error to the Court of Civil Appeals.

We quote the following from the certificate here submitted, including the question propounded, to wit:

"From this judgment the bank, the Seamans Oil Company and the Empire Gas & Fuel Company prosecute this writ of error. They submit in their brief the following assignment of error and propositions:

### FIRST ASSIGNMENT OF ERROR.

"The trial court committed prejudicial error in rendering judgment against the Seamans Oil Company and the Empire Gas and Fuel Company in favor of J. H. Guy against the Farmers State Bank & Trust Company herein for the reasons that the moneys held in escrow by said bank were placed therein by said Oil Companies, and the undisputed evidence clearly showed that the said J. H. Guy had repudiated, rescinded and abrogated the oil and gas lease, held by said oil companies by assignment, and had refused to accept said moneys as rentals, requested and directing said bank to return the same to the said Oil Companies making deposit of same in said bank, and that said oil companies and (had) requested and directed said bank to not pay over to said J. H. Guy any of said moneys, and that it was not until after such repudiation and action that the said J. H. Guy instituted the suit herein for a recovery of said deposits.

### SECOND ASSIGNMENT OF ERROR.

"The trial court committed prejudicial error in refusing to render judgment herein in favor of the Seamans Oil Company for the reason that the undisputed evidence showed that J. H.

Guy had repudiated the terms and provisions of the oil and gas lease under which he sought a recovery against the Farmers State Bank & Trust Company, and the said bank held moneys at the time of the trial belonging to it and for which it was entitled to have judgment.

### THIRD ASSIGNMENT OF ERROR

"The trial court committed prejudicial error in refusing to render judgment herein in favor of the Empire Gas & Fuel Company for the reason that the undisputed evidence clearly shows that J. H. Guy had repudiated the terms and provisions of the oil and gas lease under which he sought a recovery against the Farmers State Bank & Trust Company, and that said bank held at the time of the trial moneys belonging to it and for which it was entitled to have judgment.

"The first, second and third assignments relate to the same general subject, are germane to each other and will be considered together with reference to the following several propositions of law:

### FIRST PROPOSITION.

"The defendant in error, J. H. Guy, having elected to exercise his right of cancellation under an optional contract, he thereafter was precluded and estopped from collecting moneys under the terms of such contract in a separate suit therefor.

### SECOND PROPOSITION.

"The defendant in error, J. H. Guy, having once elected to cancel an optional contract, thereby waived his right or remedy to recover money under such contract, and could not, in law or equity, abandon the remedy of cancellation and such a recovery on the contract.

### THIRD PROPOSITION.

"The defendant in error, J. H. Guy, having elected to exercise his remedy to cancel an optional contract, could not, after the benefits and rights to the lessee under such contract had practically expired by its terms, abandon such remedy and such a recovery of rentals accruing under such contract during the time that the remedy of cancellation was being insisted on, but he would be estopped from abandoning his selected remedy and seeking a different remedy to the greater detriment of the lessee.

### FOURTH PROPOSITION

"The rentals sought to be recovered, not having been placed to the credit of defendant in error in the Farmers State Bank & Trust Co., J. H. Guy's selected agent, he was not entitled as against the Seamans Oil Company and the Empire Gas & Fuel Company to recover the same under the terms of the lease contract.                    .

### FIFTH PROPOSITION.

"The suit by J. H. Guy and wife for the cancellation of an optional contract was the exercise of a remedy directly inconsistent with their remedy to recover moneys as rentals that might be due under such contract, and, therefore, the exercise of the remedy of cancellation would constitute a bar and estoppel to the exercise of his remedy of an affirmance of the contract and collection of moneys thereunder.               .

"This court finds all controverted issues of fact in such manner as will support the judgment of the court below.

"Upon the record and facts thus stated this question is respectfully submitted:

"Was the defendant in error, Guy, estopped or otherwise precluded from maintaining this suit and obtaining the judgment rendered as contended by the foregoing assignments and propositions?"

The rule applicable to election is stated in 10 R. C. L., 703, 704, as follows:

"If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. And where the right in the subsequent suit is inconsistent with that set up in the former suit, as distinguished from a merely inconsistent remedy, the party is estopped though the former suit may not have proceeded to judgment. But where the inconsistency is in the remedies it is generally considered that there is no estoppel where the former suit was dismissed without trial or before judgment."

However, there is conflict in the authorities as to whether under all circumstances the mere filing of a suit, which is not prosecuted to judgment, based on an inconsistent cause of action is an irrevocable election to rely on the remedy being sought, and a

complete bar to an action thereafter filed seeking relief which is repugnant to that claim in the former suit. A decision of the question here presented does not require a holding that such bar would or would not result.

Here Guy and wife had executed the lease under which plaintiffs in error claimed a leasehold interest. If it was valid and binding on them, they owed plaintiffs in error the duty to do nothing which would interfere with the full and complete enjoyment of the rights which they had conveyed. By the terms of the lease, plaintiffs in error were the owners of valuable rights. They had the right to sell and dispose of their leasehold interest for a valuable consideration. They or their assigns had the right within the five years period to drill wells on the land and to take the oil therefrom to exhaustion, paying, of course, the royalties for this privilege. The former suit filed by Guy and wife asserted a claim not only inconsistent with these rights, but antagonistic to them. It was an effort to have the court decree that plaintiffs in error had no leasehold interest in the land. This attack upon the rights of plaintiffs in error continued for practically the entire period for which they now seek to collect the rentals or payments, which under their lease contract were necessary to continue the lease in effect. The nature of their former suit was such as to either destroy or seriously impair the value of the leasehold interest from the time the former suit was filed until the leasehold interest owned by plaintiffs in error expired under the terms of the lease. By the institution and prosecution of the former suit they have injuriously affected the rights of plaintiffs in error to the leasehold interest held under the contract which they had executed.

This conduct (the repudiation of their contract and the institution of suit to cancel) cast a cloud upon the title to the leasehold interest which they had conveyed. It would be shocking to a sense of justice to hold that after they had, by such conduct as is shown in this case, destroyed or seriously impaired the value of the property conveyed to them, that they could recover the consideration for same under the terms of the contract.

We think the facts disclosed by the record meet every essential requirement of an equitable estoppel, and that the refusal to accent the rentals when paid by the plaintiffs in error in the depository bank with instruction to return them, and the filing and prosecution of the suit to cancel the lease contract amounted to such an estoppel as to bar the recovery of the deposited money

rentals, and recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals ·answering the certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.