verdict. Finding no error in the record, the judgment is in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**1**

Max ELSER, Appellant, v. R. F. SCOTT, Appellee. (No. 3136.) (Court of Civil Appeals of Texas. Texarkana. Dec. 16, 1925.) Rehearing Denied Dec. 31, 1925.) Appeal from District Court, Lamar County; Newman Phillips, Judge. Patrick & Eubank, of Paris, for appellant. A. P. Park and Long & Wortham, all of Paris, for appellee.

LEVY, J. A general demurrer was sustained to the appellee's petition, and the appeal is to review the ruling. The correspondence between the plaintiff and the defendant, upon which the plaintiff relies to establish the existence of an agreement and contract on the part of the defendant Scott to lease to the plaintiff the unleased land in Shackelford county, shows on its face but preliminary negotiations, having for their purpose the subsequent making of a lease contract. The subject-matter of the correspondence, taken in connection with the allegations made, was an oil and gas lease on lands, and there is entirely wanting that definiteness necessary to make binding contracts or agreements. The court, therefore, properly sustained the demurrer.

---

**2**

FARMERS' STATE BANK & TRUST CO. et al. (including Seamons Oil Co., as Set Out in Style of Opinion) v. J. H. GUY. (No. 1304.) (Court of Civil Appeals of Texas. El Paso. Jan. 7, 1926.) Error from Eastland County Court at Law; Joe Jones, Judge. Conner & McRae, of Eastland, and Bishop, Scott & Sparks, of Gorman, for plaintiff in error. Grisham Bros., of Eastland, for defendant in error.

WALTHALL, J. This is a controversy between the defendant in error, Guy, and the plaintiffs in error, Seamons Oil Company and Empire Gas & Fuel Company of Texas, over the sum of $960, on deposit with the plaintiff in error, Farmers' State Bank & Trust Company of Gorman, Tex. The nature and result of the suit is fully shown by opinions heretofore rendered herein by this court and the Commission of Appeals, to which reference is here made. See Seamans Oil Co. v. Guy, 239 S. W. 696, 262 S. W. 473, and 276 S. W. 424. The issue, as between Guy on the one part and the first two named plaintiffs in error on the other part, is determined in favor of said plaintiffs in error, by the opinion of the Commission of Appeals in answer to certified questions. 276 S. W. 424. The Farmers' State Bank & Trust Company was a stakeholder of the fund and claimed an attorney's fee of $100. This claim was sustained by the former opinion of this court. The first two named plaintiffs in error have not contested the right of said bank to the allowance of such fee. The judgment of the lower court is reversed, and here rendered as follows: That Guy take nothing; that said bank be allowed an attorney's fee of $100, to be paid out of the fund in controversy; that the first two named plaintiffs in error recover the balance of said fund, the same being $860. Reversed and rendered.

---

**3**

B. D. RAWLINS, Appellant, v. H. J. KIENTZ, Appellee. (No. 7482.) (Court of Civil Appeals of Texas. San Antonio. Jan. 13, 1926.) Appeal from Cameron County Court; Oscar C. Dancy, Judge. H. W. Williams, of Brownsville, for appellant. G. R. Whitley, of San Benito, and Ira Webster, of Brownsville, for appellee.

COBBS, J. This cause was submitted without brief of either party. Rule 36 of Texas Court Rules provides that "on or before the day fixed for the hearing of the cause and before the opening of the court, four copies of the brief of each party shall be filed in the office of the clerk of the court." And rule 38 provides: "A failure on the part of counsel for the appellant or plaintiff in error to file assignments of error and briefs in the trial court and in the Court of Civil Appeals, within the time and in the manner prescribed by law and by the rules, shall be ground for dismissing the appeal or writ of error, either by the court of its own motion or on motion of the appellee or defendant in error, unless good cause is shown for such failure, and that the appellee or defendant in error has not suffered material injury thereby in his defense of the cause in the appellate court. If the motion be overruled, the Court of Civil Appeals shall give such direction to the cause as it may deem proper." No brief having been filed in this case by either party, and this court finding no fundamental error, the appeal is hereby dismissed at the cost of appellant.

---

**4**

J. W. RICHARDSON et al. v. R. A. MYER LUMBER CO. (No. 1312.) (Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1925.) Appeal from Hardin County Court; T. F. Teel, Judge. B. L. Aycock, of Kountze, for appellant. T. B. Coe, of Kountze, for appellee.

O'QUINN, J. Appellants sued appellee for the manufactured value of 30,000 feet of pine timber. Appellee answered by general and special exceptions, general denial, and specially that appellants were not the owners of the timber, and not entitled to pay therefor. The trial was to the court without a jury, and judgment rendered for appellee, from which judgment appellants appeal. Three assignments are presented. The first is that the court erred in not sustaining appellants' special exception to appellee's answer, the second that the court erred in refusing to grant appellants' motion for judgment, and the third that it was fundamental error for the court to render judgment for appellee. A careful inspection of the record shows no error, and the judgment of the court below is therefore affirmed.