**Diana Jane THOMAS, Appellant,**

v.

**Hubert Michael THOMAS, Appellee.**

No. 03–94–00358–CV.

Court of Appeals of Texas, Austin.

May 24, 1995.

Rehearing Overruled Aug. 16, 1995.

---

LaNelle L. McNamara [Signed brief] McNamara & McNamara, Waco, for appellant.

Ron Moss [Signed brief] Law Offices of Charles Herring, Jr. & Associates, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

This is an appeal from a judgment in a suit involving the collection of installment payments under an alimony contract entered into as part of the divorce settlement between appellant Diana Jane Thomas and appellee Hubert Michael Thomas. Appellee filed suit for declaratory judgment, claiming that all rights and obligations of the parties under the alimony contract had been fully and finally resolved in a prior proceeding in Limestone County. Appellant filed a counterclaim in which she alleged breach of contract. The trial court granted appellee's motion for partial summary judgment, concluding that appellee no longer had a contractual obligation to make alimony payments and that the doctrines of res judicata, collateral estoppel, and judicial estoppel barred appellant's recovery in this suit. We will affirm the trial court's judgment.

## BACKGROUND

Appellant and appellee were divorced in 1989. As part of the divorce settlement,

appellee agreed to pay contractual alimony to appellant. In December 1991, appellant sued appellee in Limestone County, alleging breach of the alimony contract as well as anticipatory repudiation of the contract and seeking judgment for all payments due, both past and future, under the alimony contract (the "Limestone County litigation"). The case went to trial on November 9, 1992, and at the conclusion of the evidence, the trial court submitted to the jury questions on both breach and repudiation accompanied by instructions as to the meanings of each. The question and answers to Question Two were, in pertinent part:

> Did Mike Thomas materially breach and/or repudiate the contract, if any, you have found in response to Question No. 1?
>
> (a) Breach: *Yes*
>
> (b) Repudiation: *Yes*

The jury assessed $100,000 in damages for breach of contract but found zero damages for repudiation. The trial court granted appellee's motion for judgment notwithstanding the verdict, thereby reducing the damages for breach of contract to $68,000 for the past due and unpaid alimony payments for August 1991 through November 1992. Appellant filed a motion for severance and new trial on the issue of anticipatory repudiation, which was overruled by operation of law. She did not appeal from the judgment, which thus became final.

In April 1993, appellant sent appellee a demand letter for alimony payments due under the same alimony contract that was the subject of the Limestone County litigation. In response, appellee filed a suit for declaratory relief, requesting a Travis County district court to find that the rights and obligations of the parties under the alimony contract had been fully and finally adjudicated in the Limestone County lawsuit. Appellant counterclaimed to collect the contractual alimony payments that she alleged were due and unpaid from December 1992 forward. She then filed a motion for partial summary judgment on her suit to recover the unpaid alimony installments, reserving the issue of attorney's fees for hearing. Appellee responded by filing a motion for partial summary judgment, contending that appellant's prior suit for anticipatory breach terminated the contract and that her suit for breach of contract was barred by res judicata, collateral estoppel, and judicial estoppel. The trial court granted appellee's motion and rendered a partial summary judgment. After a trial on the attorney's fees issue, the trial court rendered a final order awarding appellee declaratory relief and attorney's fees.

## DISCUSSION

Appellant contends that the trial court erred in granting appellee's motion for partial summary judgment and in denying her own motion. She asserts in her first, second, and third points of error that the trial court erred in holding that her cause of action was barred by the doctrines of res judicata, collateral estoppel, and judicial estoppel. In her fourth, fifth, and seventh points of error, she argues that the trial court erred in holding that all rights and obligations of the parties had been fully and finally resolved in the Limestone County litigation, in holding that appellee's contractual obligations under the contract were terminated after November 1992, and in denying her motion for partial summary judgment.

Appellant asserts that the entire case turns on the doctrine of election of remedies, not on the issues of res judicata, collateral estoppel, or judicial estoppel. Appellant contends in her brief:

> Unless this Court finds that Appellant's claim is somehow barred because the judgment entered in the first case was necessarily based on a finding that Appellant elected her remedy to sue for collection of installments due under the contract in the future by asserting a cause of action for anticipatory breach of the alimony contract, Appellant must prevail on this appeal.

We agree that this case does not turn on issues of res judicata or judicial estoppel, and thus we begin by addressing appellant's fourth, fifth, and seventh points of error. We will address collateral estoppel as an alternate basis for our decision in a later section of this opinion.

**624**

## A. Election of Rights

The central issue on appeal is whether appellant foreclosed her right to later sue on the alimony contract when she "elected" to sue for anticipatory repudiation in the Limestone County litigation. This issue turns on the doctrine of election of rights, not election of remedies. Courts have frequently failed to distinguish between a choice of inconsistent substantive rights afforded by law and a choice of inconsistent remedies. However, this distinction is important:

> The doctrine of estoppel by election of inconsistent rights or remedies does not seem to have been extensively discussed by the courts of this state, and there is some confusion in the decisions. While the courts of our state have not clearly recognized it, yet there is an important distinction between an election of rights and an election of remedies. *One is a choice between inconsistent substantive rights, while the other is a choice between forms of action or procedure.*

*Seamans Oil Co. v. Guy*, 114 Tex. 42, 262 S.W. 473, 474 (Comm'n App.1924, judgm't adopted) (emphasis added).[1] The general rule applicable to election is as follows:

> If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy. *And where the right in the subsequent suit is inconsistent with that set up in the former suit, as distinguished from a merely inconsistent remedy, the party is estopped though the former suit may not have proceeded to judgment.*

*Seamans Oil Co. v. Guy*, 115 Tex. 93, 276 S.W. 424, 426 (1925) (emphasis added). *See also Mooers v. Richardson Petroleum Co.*, 146 Tex. 174, 204 S.W.2d 606, 609–10 (1947); *Stanolind Oil & Gas Co. v. State*, 114 S.W.2d 699, 708 (Tex.Civ.App.—Austin 1937), *rev'd on other grounds*, 136 Tex. 5, 133 S.W.2d 767 (1939); *Stine v. Producers' Oil Co.*, 203 S.W. 126, 129 (Tex.Civ.App.—Amarillo 1918, no writ).

Under Texas law, when one party repudiates a contract, the nonrepudiating party has the right to accept the repudiation and bring a cause of action for damages immediately, or to keep the contract alive and sue for damages as they accrue. *See Continental Casualty Co. v. Boerger*, 389 S.W.2d 566, 569–70 (Tex.Civ.App.—Waco 1965, writ dism'd); *see also Hardin Assocs., Inc. v. Brummett*, 613 S.W.2d 4, 6 (Tex.Civ.App.—Texarkana 1980, no writ) (noting that upon repudiation, nonrepudiating party has right to maintain action at once for entire breach and thus receive in damages present value of future payments due under contract). These are inconsistent, substantive rights. Thus, when the nonrepudiating party decides to file a suit for unaccrued future damages immediately upon repudiation of the contract, that party resolves the right to recover such future contract payments "into a mere cause of action for damages," giving up the right to later sue on the contract. *Greenwall Theatrical Circuit Co. v. Markowitz*, 97 Tex. 479, 79 S.W. 1069, 1071 (1904).[2] "[A] contract cannot be thus treated, for one

---

**1.** Because even courts have difficulty recognizing this difference, it is understandable that appellant also failed to comprehend the distinction and grounded her appeal on the doctrine of election of remedies. Thus, we overrule appellee's cross-point for damages under Rule 84 of the Texas Rules of Appellate Procedure. Tex. R.App.P. 84 (authorizing court of appeals to award to a prevailing appellee damages in civil cases in which court determines that appellant took the appeal for delay and without sufficient cause).

**2.** In fact, the nonrepudiating party need not even file suit in order to foreclose its option of keeping a contract open. When the repudiating party communicates to the innocent/nonrepudiating party that it intends to repudiate the contract, the contract remains open and in force until the innocent party chooses to treat it as terminated. Once the innocent party elects to treat the contract as terminated, it gives up the right to later sue on the contract. By filing suit for anticipatory repudiation, the nonrepudiating party clearly demonstrates its election to treat the contract as terminated. However, it can also communicate this election by sending the repudiating party a demand letter demanding payment of installments due under the contract at a future date and threatening to sue. *See Tuscarora Corp. v. HJS Indus., Inc.*, 794 S.W.2d 435, 439 n. 2 (Tex. App.—Corpus Christi 1990, writ denied).

purpose, as subsisting, and, for another purpose, as at an end. Upon such a repudiation ... the other may make his choice between the two courses open to him, but can neither confuse them together nor take both." *Id.* 79 S.W. at 1071–72. If the nonrepudiating party accepts the renunciation as terminating the agreement, that party may not later sue on the contract. *Humphrey v. Showalter,* 283 S.W.2d 91, 94 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.).

■ In the present case, appellant "elected" to terminate the contract when she chose to sue for anticipatory repudiation instead of waiting to enforce the contract and sue to collect the alimony installments as they became due and unpaid.[3] Not only did appellant elect to sue for unaccrued future damages instead of waiting to enforce the contract, but she also chose not to appeal the Limestone County verdict of zero damages for anticipatory repudiation and accordingly allowed it to become a final judgment. Thus, the Travis County district court correctly determined that all contractual obligations between appellant and appellee had been terminated and that appellee had no obligation to make alimony payments after November 1992. We accordingly overrule appellant's fourth, fifth, and seventh points of error.

## B. Collateral Estoppel

■ There exists an alternative basis for affirming the trial court's judgment: appellant's suit for past due and unpaid alimony payments for December 1992 forward is barred by the doctrine of collateral estoppel. Collateral estoppel precludes relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit. *Tarter v. Metropolitan Sav. & Loan Ass'n,* 744 S.W.2d 926, 927 (Tex.1988). To establish the elements of collateral estoppel, a party must show: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Eagle Proper-*

ties, *Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990). The third element is clearly met: the parties in the Travis County lawsuit were cast as adversaries in the Limestone County litigation. Therefore, the question of whether collateral estoppel bars appellant's recovery in the second action turns on the first two elements.

■ We must first decide whether there was full and fair litigation of the same fact issues in the previous Limestone County suit. *Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 680 (Tex.1982). This requires a determination of (1) whether there was full and fair litigation and (2) whether the fact issues in the two suits were the same. Courts consider a case to have been fully litigated before a jury when the jury made findings on the fact issues raised in the pleadings and the court rendered a final judgment. *Cole v. G.O. Assocs., Ltd.,* 847 S.W.2d 429, 431 (Tex. App.—Fort Worth 1993, writ denied). Appellant fully and fairly litigated the issue of payments due under the contract after November 1992 in the first suit. The Limestone County jury found that the alimony contract had been repudiated but awarded zero damages for unaccrued future payments, and the trial court rendered judgment consistent with the jury's verdict. We also conclude that the facts decided in the Limestone County suit are the same facts to be decided in the current case. In both suits, the jury was called on to decide the extent of appellee's obligation under the alimony contract to make payments after November 1992. Thus, appellee established the first element of collateral estoppel.

We must next examine the ultimate issues in the first suit to decide whether appellee satisfied the second element of collateral estoppel that the fact issues litigated in the Limestone County litigation were essential to the judgment. In her petition in the Limestone County litigation, appellant elected to plead a cause of action for both breach of contract and anticipatory repudiation; therefore, the jury questions and answers on the issue of repudiation and damages arising

---

**3.** That choice to sue for anticipatory repudiation constituted an "acceptance" by appellant of appellee's repudiation. We do not address, however, whether the contract would have been terminated if the jury had *failed* to find that appellee had repudiated it.

from the repudiation were essential to establishing appellee's obligations under the theory advanced by appellant. Thus, all the elements of collateral estoppel have been met, and we hold that the Travis County district court correctly concluded that collateral estoppel barred appellant's cause of action for damages arising from breach of contract after November 1992. Therefore, we overrule appellant's second point of error.

## C. Attorney's Fees

In her sixth point of error, appellant claims the trial court erred in awarding appellee attorney's fees on the ground that "the declaratory relief sought by appellee was no greater than that sought by asserting his affirmative defenses and attorney's fees would not have been recoverable if appellee had prevailed on affirmative defenses asserted in response to appellant's claim for relief." After appellant threatened to sue appellee in an April 1993 demand letter, appellee filed suit under the Uniform Declaratory Judgments Act ("UDJA") to ascertain his rights and obligations under the alimony contract. Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–.011 (West 1986 & Supp.1995). After trial, the court awarded appellee reasonable and necessary attorney's fees as authorized by the UDJA. *Id.* § 37.009.

 The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court; therefore, we should not reverse the trial court's judgment on attorney's fees absent a clear showing that the trial court abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). The party seeking review of the trial court's award of attorney's fees has the burden of presenting the reviewing court with a record showing that the trial court abused its discretion in making the award. Tex.R.App.P. 50(d); *Estopar Holdings, Inc. v. Advanced Metallurgical Technology, Inc.*, 876 S.W.2d 205, 211 (Tex.App.—Fort Worth 1994, no writ). In the absence of a statement of facts on the attorney's fees issue, the appellate court must presume that sufficient evidence was presented to support the findings and judgment of the trial court. *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761, 765 (Tex.App.—Texarkana 1990, writ denied). Appellant did not file a statement of facts from the hearing at which the trial court awarded attorney's fees, so we must presume that there was sufficient evidence before the trial court to support its award of attorney's fees. We thus hold that the trial court did not abuse its discretion in awarding attorney's fees to appellee.

 Appellant argues that appellee is not entitled to attorney's fees because a petition for declaratory judgment cannot be made the basis of a claim for attorney's fees if the declaratory relief sought presents no controversies other than those raised in a cause of action that has fully matured and provides for an appropriate remedy at law. Appellant in essence contends that she could and did "moot" appellee's petition for declaratory relief by filing a counterclaim involving the same issues presented by his suit for declaratory judgment. In support of her position, appellant cites *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591 (Tex. App.—Dallas 1988, writ denied) (involving a *counterclaim* for declaratory relief).

 Appellant has misconstrued the law. It is true that a party cannot bring a counterclaim for declaratory relief and recover attorney's fees when the counterclaim seeks resolution of disputes already pending before the court. *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638–39 (Tex.App.—Austin 1992, writ denied); *John Chezik Buick*, 749 S.W.2d at 594. However, this rule applies only if a dispute is *pending* before the court when the declaratory relief is requested. In the present case, appellee filed an original petition for declaratory relief; no dispute was pending before the court when he filed his petition. Under appellant's construction of section 37.009, any party against whom a declaratory judgment action was filed could simply file a counterclaim to adjudicate the issues presented by the petition for declaratory relief, thereby preventing any recovery of attorney's fees. Appellant cites no authority to support this reading of section 37.009, and we accordingly reject it. Appellant's sixth point of error is overruled.

## CONCLUSION

Appellant sought to recover damages for breach of contract and anticipatory repudiation in the Limestone County litigation. While the jury found that the contract had been both breached and repudiated, it awarded no damages for repudiation. Rather than appeal that judgment, appellant instead chose to file a second suit for past due alimony payments in Travis County district court. The trial court properly held that appellant's rights and appellee's obligations under the contract had been terminated and further that her suit was barred by collateral estoppel. Because we have determined that the trial court correctly granted appellee's motion for summary judgment and awarded him attorney's fees under the UDJA, we affirm the judgment of the trial court.[4]

4. Because of our disposition of appellant's second, fourth, fifth, and seventh points of error, it is unnecessary to address her first and third points of error.