# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00046-CV

**Lori L. Legere, Appellant**

**v.**

**David Legere, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-FM-03-007363, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lori L. Legere appeals from a district court order denying her claims for child support and discovery sanctions against her ex-husband, appellee David Legere, and awarding David attorney's fees against her.[1]  We will affirm the district court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

Lori and David had a minor child of their marriage.  When they divorced in 2003, Lori was appointed sole managing conservator with the exclusive right to designate the child's residence, and David was appointed possessory conservator and ordered to pay child support.  In July 2007, after Lori filed a motion to increase David's monthly child-support obligation, she and David entered into an agreed order that, among other things, set David's child-support obligation at $900 per month through July 2008.  Thereafter, the agreed order required that David was to submit

---

[1]  Because the parties share a common surname, we will refer to them by their first names for clarity.

information regarding his monthly income each July and that his child-support obligation would equal 20% of his monthly income unless he failed to submit the required information, in which case his monthly obligation would default to $1,030 per month.[2]

David later filed suit to modify his child-support obligation, seeking to reduce his monthly payment on the basis that he had recently lost his job. During the pendency of the proceeding, the district court issued two temporary orders that changed the amount of David's child-support obligation. The first, signed in March 2009, retroactively reduced David's April and May 2008 payments from $900 to $259.73, set his August 2008 through January 2009 payments at $600 per month and his payments thereafter—i.e., beginning February 2009—at $259.73 per month. The district court also found that David was in arrears on his child-support payments in the amount of $719.46 and ordered him to pay Lori this amount. The second temporary order, signed in October 2009, changed David's monthly support payments to $600 per month

---

[2] The relevant portion of the 2007 agreed order reads as follows:

IT IS ORDERED that David Legere is obligated to pay and shall pay to Lori L. Legere child support of $900.00 per month, with the first payment being due and payable on August 1, 2007 and a like payment being due and payable on the first day of each month thereafter until July 31, 2008.

IT IS ORDERED that David Legere shall send a copy of a current paystub showing his year-to-date income to [Lori's attorney] on or about July 1, 2008. [Lori's attorney] shall, using the Attorney General child support charts, calculate 20% of David Legere's net income to determine the new child support amount to begin on August 1, 2008. If David Legere fails to send such paystub to [Lori's attorney] in July 2008, David Legere is ORDERED to pay and shall pay to Lori L. Legere child support of $1030.00 per month, with the first payment being due and payable on August 1, 2008 and a like payment being due and payable on the first day of each month thereafter . . . . If David Legere sends the paystub as ordered, [Lori's attorney] shall calculate the appropriate child support amount as set forth above and shall send such calculation to David Legere. In such case, David Legere is ORDERED to pay and shall pay to Lori L. Legere child support the new amount of child support . . . .

beginning, retroactively, August 1, 2009. This order also required David to pay $620 in back payments to Lori by October 30, 2009.

In September 2010, Lori served David with discovery requests and, after he failed to respond to those requests, filed a motion to compel, further requesting sanctions and attorney's fees. Shortly before the hearing on Lori's motion to compel, David nonsuited his modification claim.

A few months later, Lori filed a "Motion to Confirm Child Support Arrearage," asserting that David's failure to pay his $900 monthly child-support obligation as required under the terms of the 2007 agreed order had left him in arrears in the amount of $9,861.62 for the period between February 2, 2009, and December 31, 2010. A hearing was held, and the district court's subsequent order reflects that the parties presented evidence and that a court reporter was present. Following the hearing, the district court issued an order stating that—

- "[N]o child support arrearage exists and David Legere's current child support balance is $0.00 (zero dollars)";

- "David Legere's child support obligation should continue pursuant to the July 20, 2007 Order of the Court[] at the rate of $900 per month";

- "Lori Legere's request for sanctions and attorney's fees is DENIED and any and all claims by Lori Legere are DISMISSED"; and

- Lori Legere must pay David's attorney's fees in the amount of $2,500.

The district court subsequently made findings of fact and conclusions of law that essentially restate the contents of its order. It is from this order that Lori now appeals.

**ANALYSIS**

Lori challenges the district court's order in four issues. First, she complains that the district court's holding that David owed her no child-support arrearage was predicated, in her view,

3

on the March and October 2009 temporary orders. This was error, she asserts, because those temporary orders had been voided by David's nonsuit. In her third issue, Lori challenges what she perceives as the district court's dismissal or denial of her request for discovery sanctions and attorney's fees merely because, in her view, David had nonsuited his case. In her second issue, Lori challenges the sufficiency of the evidence supporting the district court's holding that David's future monthly child-support obligation was $900 under the 2007 agreed order. Specifically, she argues that the evidence was insufficient to support a finding that David had provided the required salary information, such that his obligation should have defaulted to $1,030 per month. In her fourth and final issue, Lori asserts that the evidence was insufficient to support the district court's attorney's fee award against her

At the outset, we note that Lori has not requested or obtained a reporter's record from the hearing on her motion to confirm an arrearage. The district court's order states that it heard evidence at this hearing, and there is nothing in the record to the contrary. Lori does not deny that the district court heard evidence, either, although she asserts that "there was no hearing conducted *in which a court reporter was present.*" (Emphasis added.) However, the district court's order explicitly states that a court reporter was, in fact, present to record the proceedings (as would be required unless excused by agreement of the parties, *see* Tex. R. App. P. 13.1) and, in any event, Lori has not preserved error with respect to any complaint that the hearing went forward without a court reporter present. *See id.* R. 33.1. Consequently, we may not presume that the hearing was non-evidentiary, and Lori had the burden of requesting and bringing forward a reporter's record from that hearing in support of her appeal. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (holding that appellate court may presume that "pretrial hearings are nonevidentiary absent a specific indication or assertion to the contrary," but "[i]f the proceeding's

4

nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error") (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992))). Lori's failure to do so requires us to presume that the omitted evidence supports the district court's ruling. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990); *Bailey v. Gallagher*, 348 S.W.3d 322, 325 (Tex. App.—Dallas 2011, pet. denied); *Thomas v. Thomas*, 902 S.W.2d 621, 626 (Tex. App.—Austin 1995, writ denied). This presumption is ultimately fatal to Lori's issues on appeal.

Lori's first issue, as noted, presumes that the district court relied on the March and October 2009 temporary orders in determining the amount of child support David owed. Relying on these temporary orders was erroneous, she argues, because the effect of David's nonsuit was to place the parties in the same position they were in before he filed his suit—i.e., before any of the temporary orders that modified his child-support obligations. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962) (noting that nonsuit "places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought"); *Hagberg v. City of Pasadena*, 224 S.W.3d 477, 484 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("When a party nonsuits a legal action, the parties are put back in the same positions as before the filing of the suit." (citing *id.*)). But the district court's order does not purport to rely on the temporary orders in finding that there was no arrearage; to the contrary, it simply states that "no child support arrearage exists." And while the district court prepared findings of fact and conclusions of law, these do not further illuminate the bases for the court's order, and do not mention the temporary orders. Lori does not complain of, and has not preserved error concerning, any omitted or additional findings. For these reasons, the substance of Lori's first issue reduces to

5

a question of whether there was sufficient evidence to support the district court's finding that no arrearage existed. Given the lack of a reporter's record, we must presume that the evidence supported the finding—i.e., that there was evidence that David had paid whatever child support he had legally owed. *See DeSantis*, 793 S.W.2d at 689; *Bailey*, 348 S.W.3d at 325; *Thomas*, 902 S.W.2d at 626. We overrule Lori's first issue.

We must overrule Lori's third issue for similar reasons. Lori asserts in her third issue that the district court improperly relied on David's nonsuit to deny her motion for sanctions. Specifically, she argues that the district court's decision to deny her motion violated rule 162's provision that nonsuits "have no effect on any motions for sanctions . . . pending at the time of the [nonsuit]." *See* Tex. R. Civ. P. 162. But this argument again incorrectly assumes that the district court relied on David's nonsuit to deny this motion. The order, however, merely denies Lori's request for sanctions and attorney's fees without explanation. It does not purport to rely on David's nonsuit and, significantly, there are any number of bases on which the district court could have relied to deny this motion. *See id.* R. 215.1 (setting forth bases for discovery sanctions). Nor do the court's findings and conclusions indicate that it relied on David's nonsuit in denying Lori relief. Thus again, the substance of Lori's issue reduces to a question of evidentiary sufficiency and, given the lack of a complete record, we must presume that the evidence in the omitted record supports at least one basis for denying Lori's motion. *See DeSantis*, 793 S.W.2d at 689; *Bailey*, 348 S.W.3d at 325; *Thomas*, 902 S.W.2d at 626. Accordingly, we overrule Lori's third issue.

The absence of a reporter's record likewise controls our disposition of Lori's remaining issues, both of which challenge the sufficiency of the evidence supporting factual determinations by the district court. In her second issue, Lori asserts that the district court's finding that David's future child-support payments were to be $900 per month under the 2007 agreed order

is erroneous because the "*record* is legally and factually insufficient" to support a finding that David provided the appropriate financial documents required by the 2007 agreed order. (Emphasis added.) But there is no evidentiary record here and, as a result, we must presume that evidence in the missing record supports not only the finding that David provided the required financial information, but also any other finding that would support the district court's child-support determinations.[3] *See DeSantis*, 793 S.W.2d at 689; *Bailey*, 348 S.W.3d at 325; *Thomas*, 902 S.W.2d at 626. Likewise, and for the same reasons, we reject Lori's fourth issue on appeal that the evidence was insufficient to support the district court's award of attorney's fees. Accordingly, we overrule Lori's second and fourth issues.

## CONCLUSION

Having overruled each of Lori's issues, we affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed:   August 29, 2012

---

[3]   We also note that Lori asserted in her arrearage motion that $900 per month in child support was the correct "amount and frequency of obligation" as of the date of the motion. To that extent, the district court's finding here comports with her own pleadings.